**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANET BRUNERMER and SCOTT BRUNERMER, | ) | |
| Plaintiffs, | ) | 2:21-cv-00740 |
| v. | ) | Chief Judge Mark R. Hornak |
| BOROUGH OF APOLLO, et al., | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| JANET BRUNERMER and SCOTT BRUNERMER, | ) | |
| Plaintiffs, | ) | 2:21-cv-00856 |
| v. | ) | Chief Judge Mark R. Hornak |
| SCOTT ANDREASSI, et al., | ) | |
| Defendants. | ) | |

**ORDER GRANTING**
**DEFENDANT CHARLTON'S MOTION FOR RULE 11 SANCTIONS**

In a federal civil action, lawyers and their clients are obligated to know what they are talking about when they prosecute or defend a lawsuit through a pleading. They are charged by Rule 11 of the Federal Rules of Civil Procedure with conducting a sufficient investigation so as to have a good faith basis in fact and in law for the claims or defenses that they assert. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 206–07 (3d Cir. 2019) (quoting Fed. R. Civ. P. 11(b)(2)-(3)).

Parties who believe that their litigation adversaries and the adversaries' counsel have fallen short of that mark by asserting claims that have insufficient basis in fact or in law are obligated to

send a fair warning of such to those litigation adversaries and the adversaries' lawyers who have allegedly acted improperly. *See* Fed. R. Civ. P. 11(c)(2). If the party asserting the claims persists, then a motion for sanctions may be filed, and then the Court has to decide. *Id.*

In this case, Plaintiffs have brought claims against a wide array of municipal officials and others in Apollo Borough, Pennsylvania. Plaintiffs' claims are laid out in a Complaint against dozens of Defendants and consisting of more than 500 paragraphs. (*See* Docket No. 20-cv-856, ECF No. 1.)[1] In the Complaint and the responsive pleadings, it appears to be undisputed that Apollo Borough via its Solicitor took Plaintiffs before the local state court magistrate judge alleging summary offense-level violations of the Borough's zoning and licensing ordinances. (*See id.* ¶¶ 136, 139, 146–47, 168, 457–58; Docket No. 21-cv-740, ECF No. 41, at 5–6.) One Plaintiff was acquitted by the local state magistrate; the other was convicted. (Docket No. 20-cv-856, ECF No. 1, ¶ 156; Docket No. 21-cv-740, ECF No. 53, at 12.)

Those proceedings were prosecuted directly by the Borough Solicitor per Pennsylvania statutory authority. *See* 8 Pa. Stat. and Cons. Stat. § 3321(b)(2) (West 2022). As Plaintiffs themselves state, the County District Attorney was not the prosecutor. (Docket No. 21-cv-856, ECF No. 1, ¶¶ 457–58.) Nonetheless, that District Attorney, Kathleen Charlton, was sued by Plaintiffs for a number of claims, all centering on that local court prosecution.

Upon receiving notice of this lawsuit, Charlton's lawyer wrote to Plaintiffs' lawyer and told him the following: Charlton was not the prosecutor in the local court actions brought against Plaintiffs that led to one of them being convicted; both Plaintiffs and their lawyer knew that very fact based on their personal involvement in the proceedings in the local court matter; and even if Charlton had been the prosecutor, the long-recognized doctrine of absolute prosecutorial immunity

[1] On August 6, 2021, the Court consolidated the cases filed at 21-cv-740 and 21-cv-856. (ECF No. 31.) All specific docket citations in this Order are identified with the docket number at which the filings appear.

would have shielded her from the claims asserted against her as a matter of law. (*See* Docket No. 21-cv-740, ECF No. 46, at 1–3.)

Plaintiffs' lawyer responded to Charlton's lawyer stating that his clients, the Plaintiffs, wanted to keep Charlton in the lawsuit. (*Id.* at 3.) No further factual or legal basis for the claims against Charlton was advanced in that communication by Plaintiffs' counsel. (*Id.*)

Charlton's lawyer then served Plaintiffs with a copy of the Motion for Sanctions she intended to file. (*Id.*) Twenty-one days went by, and Plaintiffs did not withdraw their claims against Charlton. (*Id.*) Charlton's lawyer then filed the sanctions Motion with the Court. (*Id.*; *see* Docket No. 21-cv-740, ECF No. 45.) And even when the Rule 11 Motion was filed, Plaintiffs' response to it was devoid of any recitation of any legitimate factual or legal basis for the claims asserted against Charlton. (*See* Docket No. 21-cv-740, ECF No. 62, at 1–12.)

The Court granted Charlton's Motion to Dismiss the claims against her, on the record at oral argument on that Motion. (Docket No. 21-cv-740, ECF No. 82, at 2.) The only thread Plaintiffs relied upon in opposing the Motion to Dismiss at oral argument was their assertions that the Apollo Borough Solicitor works in the law office of Charlton's spouse and that Charlton signed for a piece of certified mail addressed to the Solicitor at that private law office (which Charlton denies). That was it. And Plaintiffs have offered up no legal support for their theory that such "mail signing" would generate a basis for the constitutional claims against Charlton for her prosecutorial conduct as the District Attorney.

The Court grants Charlton's Motion for Sanctions—specifically its request that the Court hold Plaintiffs and their counsel liable for Charlton's attorneys' fees, expenses, and costs.[2] This is about as clear a case for litigation sanctions as the Court could imagine. There is no evidence, and never was any evidence advanced, that Charlton had anything at all to do with the local prosecution of Plaintiffs—save for her appearance in her official capacity on behalf of the Commonwealth to move to quash on procedural grounds Plaintiff Janet Brunermer's second appeal from her local court conviction (Docket No. 21-cv-740, ECF Nos. 62, at 2; 62-3, at 1)—and both Plaintiffs and their lawyer knew that based on their personal engagement in that process. And the involvement of Charlton's office as District Attorney relative to Janet Brunermer's appeal to the Superior Court was facially protected by absolute prosecutorial immunity, and no contrary facts or law are evident to the Court or advanced by Plaintiffs. Further, the "theory" that if Charlton signed for a piece of certified mail at her spouse's private law office, then she was somehow the "prosecutor" of Plaintiffs or involved in the case aside from the Superior Court appeal, or was in any other way plausibly involved in Plaintiffs' other claims in their Complaint, is weightless, and Plaintiffs and their lawyer have advanced no factual or legal basis in support of that theory.

Charlton's lawyers have complied with the prerequisites of Rule 11, Plaintiffs have had adequate notice and opportunity to respond, and the litigation conduct here is worthy of sanctions, as there has been no basis advanced by Plaintiffs to conclude that there is, or ever was, any factual or legal ground for the claims they brought against Charlton.

---

[2] The Court does not grant Charlton's request that the Court "prohibit[] Plaintiffs' Counsel from ever representing Plaintiffs in any action by Plaintiffs against DA Charlton, or from ever acting as a witness or participating in discovery in any case by Plaintiffs against DA Charlton" (Docket No. 21-cv-740, ECF No. 46, at 9), because doing so would be inconsistent with a civil litigant's right to counsel of his or her choice that may only be overridden in rare circumstances. *See, e.g.*, *Pigott v. Sanibel Dev., LLC*, No. 07-0083, 2007 WL 2713188, at *1 (S.D. Ala. Sept. 17, 2007); *Tylena M. v. Heartshare Hum. Servs.*, No. 02-8401, 2004 WL 1252945, at *2 (S.D.N.Y. June 7, 2004). The Court has already granted Charlton's request that the Court dismiss with prejudice all claims asserted against Charlton in this matter (Docket No. 21-cv-740, ECF No. 46, at 9), through the Court's prior Order as to Charlton's and other Defendants' Motions to Dismiss. (Docket No. 21-cv-740, ECF No. 82, at 2.)

The amount of the financial sanction that the Court will impose will in some measure turn on the actual legal fees and expenses that Charlton and her lawyers incurred in fending off the baseless claims against Charlton and in asserting her Rule 11 Motion. Within fourteen (14) days of the date of this Order, Charlton's counsel shall file a declaration setting out the legal work performed in responding Plaintiffs' Complaint and in asserting the Motion for Sanctions. The declaration shall include the precise time involved, activities undertaken, and actual hourly rate charged by such counsel. Plaintiffs and their counsel may file a response as to the amount and form of sanctions only, but not as to the imposition of sanctions, within fourteen (14) days of such filing by Plaintiffs' counsel.

Based on the record before the Court, it is the Court's current intention to award sanctions on a ratio of two-thirds against Plaintiffs personally and one-third against their lawyer, it appearing from the record that the claims against Charlton were maintained principally at the personal behest of Plaintiffs.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: March 11, 2022
cc: All counsel of record