EXHIBIT

1

exhibitsticker.com

SOMMER LAW GROUP, PC

6 Market Square
Pittsburgh, PA 15222

(p) 412-471-1266 (f) 412-471-3175
www.SommerLawGroup.com

Craig E Maravich, Esquire
Email: CEM@SommerLawGroup.com

July 11, 2018

Borough of Apollo
Attention: Cynthia McDermott,
Apollo Borough Manager
P.O. Box 306
Apollo, PA 15613

Dear Ms. McDermott,

This office represents Scott and Janet Brunermer and we are writing on behalf of the Brunermers' regarding the Apollo Borough Vacancy Registration and Registration Fee recently sent by your office and received by the Brunermers pertaining to the property located at 719 North Warren Avenue, Apollo, PA 15613. Your letter indicates that the Apollo Borough Vacancy Property Registration is due by July 16, 2018 and if "you have any questions concerning your vacancy status, you must notify the Apollo Borough Office, with your concerns, no later than July 16, 2018, or the matter will be sent to the Apollo Police Department as Non-Compliant." On behalf of the Brunermers, we are exercising this right to petition with questions and concerns pertaining to the vacancy registration, fee and status of the property located at 719 North Warren Avenue, Apollo, PA 15613.

Your letter identifies "Ordinances #267-15 & #272-16"[1] and states that these "ordinances requires (sic) that all residential and/or commercial property owners submit an application and a registration fee, if applicable, to Apollo Borough if you own a property which is vacant" and that the Brunermers received this application in the mail for one of three reasons: (1) the property owners

[1] Borough of Apollo Ordinance No. 272-16 amends Ordinance No. 267-15 stating that Ordinance No. 267-15 "IS AMENDED TO READ IN ITS ENTIRETY AS FOLLOWS" (capital letter emphasis contained in the original). Additionally, Ordinance No. 272-16 specifically repealed Ordinance No. 267-15. Because Ordinance No.272-16 amends "in its entirety" Ordinance No. 267-15, Apollo Borough's reliance on Ordinance No 267-15 is misplaced causing the Apollo's notification to be misleading and arbitrary.

stated on their Landlord Application that the property is vacant; (2) the property owners listed on their ABGF and/or ABSF bills that the property is vacant; or (3) evidence of vacancy or any condition on its own, or combined with other conditions present that would lead a reasonable person to believe that the property is vacant, such as, overgrown or dead vegetation, accumulation of newspapers, circulars, flyers or mail, past due utility notices, accumulation of trash, junk or debris, no operating utilities or evidence of sewer tie-in, the absence of window coverings such as curtains, blinds or shutters, the absence of furnishings or personal items consistent with residential habitation, or statements by neighbors, passersby, delivery agents, or government employees that the property is vacant.

In response to your letter, the vacancy registration and fee are not applicable because: (1) the Brunermers never stated on their Landlord Application that the property is vacant – in fact they never submitted a Landlord Application because the property is not a rental; (2) the Brunermers never listed on their ABGF and/or ABSF bills that the property is vacant; and (3) there is no evidence of vacancy or any condition on its own, or combined with other conditions present that would lead a reasonable person to believe that the property is vacant, such as, overgrown or dead vegetation, accumulation of newspapers, circulars, flyers or mail, past due utility notices, accumulation of trash, junk or debris, no operating utilities or evidence of sewer tie-in, the absence of window coverings such as curtains, blinds or shutters, the absence of furnishings or personal items consistent with residential habitation, or statements by neighbors, passersby, delivery agents, or government employees that the property is vacant, and the Brunermers have not been made aware of such.

In *Rufo v. Board of License and Inspection Review and City of Philadelphia,* 2735 CD 2015 (Pa. Cmwlth December 22, 2016), the city's department of license and inspections issued a written violation notice that the property was vacant, lacked doors and windows, and had a "blighting influence" under the city ordinance requiring the property owner to fix the property and pay fees. The property owner appealed to the city's board of review. After holding the required hearings and receiving testimony, the city board affirmed the violation notice. The property owner appealed to the trial court. In reversing the city board's decision, the trial court commented on the ordinance's concern with aesthetics and that it "require[ed] a cost to the property owner that is completely disproportionate to the benefit of a reduction in blight." The city appealed. In affirming the trial court, the appellate court concluded that the city's actions under the ordinance were "an impermissible use of the police power."

Here, the Brunermers have concerns and questions regarding the Apollo Borough Vacancy Property Registration sent to them in the mail and due by July 16, 2018. The Brunermers: (1) never stated in a landlord application that the property is vacant; (2) never listed on their ABGF and/or ABSF bills that the property is vacant; and (3) have never been presented with evidence of vacancy or any condition on its own, or combined with other conditions present that would lead a reasonable person to believe that the property is vacant, such as, overgrown or dead vegetation, accumulation of newspapers, circulars, flyers or mail, past due utility notices, accumulation of trash, junk or debris, no operating utilities or evidence of sewer tie-in, the absence of window coverings such as curtains, blinds or shutters, the absence of furnishings or personal items consistent with residential habitation, or statements by neighbors, passersby, delivery agents, or government employees that the property is vacant.

Apollo Borough has not provided any written documentation or testimony for its basis in requiring the Brunermers to submit the Apollo Borough Vacancy Property Registration documentation and fee. This brings into question the legitimacy and validity of the ordinance and suggests discriminatory enforcement. The Apollo Borough letter fails to provide notice of what specific conduct it prohibits concerning the property or what the Brunermers must do to rectify any violation under the ordinance. As such, enforcement would be arbitrary and discriminatory.

In addition, the Apollo Borough letter provides the “Vacant Property Registration Fee Schedule” with fees ranging from $250.00 for less than a year vacancy up to $5000.00 for ten years vacancy, plus an additional $500.00 for every year thereafter. This registration fee schedule cannot be commensurate with the expense incurred by Apollo; instead, the fee schedule evidences that the different amounts charged are grossly disproportionate to the cost incurred by Apollo for regulation and shows that Apollo’s fees are arbitrary, oppressive and unreasonable.

Likewise, any requirement of the payment of past fees acts as a tax and the requirement of an “interior and exterior inspection” by a “certified code official” at the expense of the property owner acts as unlawful search. Both have been found to violate constitutional rights of property owners.

Through this petition raising questions and concerns about the vacancy status as provided in your Apollo Borough letter, the Brunermers’ request a response in writing identifying the alleged violations of the ordinance(s); copies of the evidence relied upon by Apollo Borough; the necessary steps required to become compliant; the costs and fees to become compliant; identification of other similar situated properties; identification of the proper and/or waiver of the vacancy property

registration and fees. The Brunermers have deposited the registration fee in the amount of $250.00 in an escrow account. Should you have any questions or concerns or wish to discuss this matter, please feel free to call or email me. I look forward to receiving your written response.

Sincerely,

____________________________

Craig E. Maravich, Esquire

**Timothy Miller**

---

**From:** Brenda Troup <rechhaben@gmail.com>
**Sent:** Monday, August 20, 2018 5:43 PM
**To:** Timothy Miller
**Subject:** Re: Brunermer

What type og evifence have we had with any of the oyher vacant properties? The ordinance states it is considered empty if no business or residence has occupied the building for six months. That's what put her in the list to be inspected. She hasn't allowed an inspection for me to see inside. She purchased it and has done nothing with it except fix it up and its been ongoing for way over six months. There's been no business in there, no customers, there is no sign, she just didn't show up to the inspections...which if she is doing some sort of business even interney sales, an inspection would have given her a waiver. She had it for sale for a few weeks and then took the for sale signs down. We have no clue what's going on inside because she hasn't allowed the inspection, weve labeled it vacant due to the definition in the ordinance.

On Mon, Aug 20, 2018, 15:50 Timothy Miller <tmiller@damdpc.com> wrote:

Can you provide me with the following regarding the Brunermers:

- Evidence relied upon by the Borough;
- Identification of the conditions present that demonstrate vacancy;

Sincerely,

Timothy R. Miller, Esquire

DeBernardo, Antoniono, McCabe & Davis, P.C.

11 North Main Street

Greensburg, PA 15601

**Apollo Borough Manager**

**From:** Apollo Borough Manager <boroughmanager@apollopa.org>
**Sent:** Tuesday, August 21, 2018 9:42 AM
**To:** 'Timothy Miller'
**Subject:** RE: Brunermer

I was just reviewing that. I do not understand why they are claiming that the property is not vacant when it clearly is. April of 2017 they purchased the building – it is still not occupied as of today. Therefore, it is a vacant property.

Under definitions in the ordinance it states that a vacant building is a property or structure that is unoccupied for more than sixty days, and a vacant storefront shall be deemed vacant if no person or persons currently conducts a lawfully licensed business there. This property has been vacant for the entire time that the Brunnermers have owned it.

The ordinance also requires registration after 180 days of being vacant or ownership of a vacant building. We did not send them the vacancy registration information until after they had owned the property over 180 days.

We have never said it was a public nuisance of any kind. The Brunnermers sent in their application for a waiver for 2017-2018. They were scheduled for an inspection on January 30, 2018 (which is required to obtain a waiver). There were a no show – so they were re-scheduled for another inspection on February 26th. Again, they were a no show. This is clearly a violation of the ordinance.

The inspection would have been done by Brenda Troup, zoning officer, and she has the authority to grant the waivers. I am almost positive she would have granted them waivers as they have done an awesome job of renovating that property. However, for whatever reason they will not allow an inspection. Therefore, without a waiver of fees, they would be required to pay the registration fee.

The citations that were recently filed were per Chief Kier because Brenda asked him when their hearing was, and he had not filed it yet, so he wrote it after her inquiry. There was no retaliation involved as he was unaware of the questions being posed by this attorney.

We have received in July another request for a waiver of fees for 2018-2019. We have not scheduled any inspections yet (Brenda has not given us her availability). The Brunnermers will be sent a notification for an inspection as soon as that is scheduled, and if they do not allow that inspection they will again be in violation for the 2018-2019 vacancy year.

I will scan you copies of the notices.

Cindee

**From:** Timothy Miller [mailto:tmiller@damdpc.com]
**Sent:** Monday, August 20, 2018 3:51 PM
**To:** 'Apollo Borough Manager' <boroughmanager@apollopa.org>
**Cc:** rechhaben@gmail.com
**Subject:** Brunermer

Can you provide me with the following regarding the Brunermers:

- Evidence relied upon by the Borough;
- Identification of the conditions present that demonstrate vacancy;

Sincerely,

Timothy R. Miller, Esquire
DeBernardo, Antoniono, McCabe & Davis, P.C.

11 North Main Street
Greensburg, PA 15601
(724)836-0700 x119
Fax: (724)836-1995
tmiller@damdpc.com
www.damdpc.com

157 Market Street
Leechburg, PA 15656
(724)845-8339 x119
Fax: (724)836-1995
tmiller@damdpc.com
www.damdpc.com

**ATTENTION-CONFIDENTIAL CLIENT INFORMATION:** THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. **IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY CALLING (724) 836-0700.** THANK YOU.