CHARLTONLaw
we've got this

EXHIBIT
4

August 22, 2019

Scott and Janet Brunermer
719 North Warren Ave.
Apollo, PA 15613

***Re: Right To Know Requests For Information***

Dear Mr. and Mrs. Brunermer,

Per the various Right To Know Requests For Information filed with Apollo Borough and in response to Orders issued by the Pennsylvania Office of Open Records, please find listed below the Borough's response to the various requests filed. For clarity, I have attempted to respond to the requests for information in the chronological order in which they were filed.

1. RTK dated July 12, 2019 -

   a. The request is a conclusion of fact and not a request for information. The Borough, in accordance with applicable law, statute and Code, advertised and adopted Ordinance No. 272-16.
   b. The Ordinance addressing the issue of vacancies is found at No. 272-16. Copies of all Ordinances are available for inspection by the Requestors and any member of the public at the Borough offices at 616 First St. Apollo, Pa. 15613.

2. RTK dated July 12, 2019 -

   a. The Borough of Apollo has no "Condemnation" Ordinance per se. As such, no copy would be available.
   b. Mr. McMillen is not employed by the Borough of Apollo as a Vacancy Inspector or otherwise. As such there is no date of hire. Mr. McMillen was offered as an alternate inspector by the Borough at the request of the Requestor's Attorney in settlement of pending litigation, however, such inspection did not take place.
   c. The Ordinance relevant to "renting/letting" within the Borough is Ordinance No. 264-14. As noted above, all Ordinances are available for inspection and review at the Borough Offices during regular business hours.
   d. "Change of Use" requirements would be dependent upon the current permitted use and the specific applied for change of use. As such, it would be impossible to list requirements until such information is known to the Responder.
   e. Mr. McMillen is not employed by and does not serve as a Zoning Officer for the Borough of Apollo.

3. RTK dated July 12, 2019 -

   a. Attached hereto as Ex. A is a list of minimum requirements pursuant to Ordinance 272-16.
   b. Brenda Troup, Zoning Officer performs inspections for the Borough of Apollo, as per appointment. The Borough has and will continue to reserve the right to contract for inspection services as needed.
   c. Zoning Officer Brenda Troup serves by appointment by the Borough of Apollo.
   d. Relevant Property Maintenance Codes are as follows
      i. Uniform Commercial Code
      ii. Ordinance No. 272-16 (Vacant Structures)
      iii. Ordinance No. 190-79 (Grass/Weeds)
      iv. Ordinance No. 273-16 (Dangerous Structures)
      v. Ordinance No. 266-81 (Nuisances)

   As noted earlier, all Ordinances are available for review and inspection at the Borough Offices during regular business hours.

4. Final Determination dated July 16, 2010 -

   a. 723 N. Warren Ave. Property –
      i. The property has been a vacant property.
      ii. The property has been "offered for sale" as per Ordinance No. 272-16.
      iii. The property has been subject to inspection, with the last inspection having been completed on October 9, 2108.
      iv. The property will be due for the next inspection, October, 2019.
   b. The letter dated January 18, 2018 was provided to the Requestor as part of the litigation held before the Armstrong County Court of Common Pleas on August 7, 2019. An additional copy is attached hereto as Ex. B. In addition, copies of inspection letters dated February 16, 2018 and September 24, 2018 are attached hereto as Ex. B(1) and B(2).
   c. All "files" related to the Requestor's property located at 719 N. Warren Ave. have been provided to the Requestors or the Requestors attorney as part of the litigation noted in subparagraph b. above or in response to Requestors Right To Know requests.

5. Final Determination dated August 14, 2019 -

   a. The "Vacancy Inspection Checklist" has been previously provided to the Requestors as part of the aforementioned litigation.
   b. The "Occupancy Inspection Checklist" is prepared by and submitted to the Bureau Veritas, who handles occupancy issues under contract with Apollo Borough.

c. Attached hereto at Ex. C is a copy of the 2019 Apollo Borough Vacancy list. The list is that of properties who meet the Borough definition of "vacant," who are eligible to seek a waiver under Ordinance No. 272-16, or who have sought such a waiver.

d. Although no date for a "vacancy letter" was specified, attached hereto as Ex. D is the vacancy letter sent to all property owners who meet the Borough's vacancy definition under Ordinance No. 272-16. In addition, and attached hereto as Ex. E (Also Ex. B(2)) is the letter sent to the Requestors dated September 24, 2018.

e. There exists no "vacancy registration paperwork" for the Shiloh Baptist Church, therefore, no paperwork can be provided to Requestors. The Shiloh Baptist Church was scheduled for a vacancy inspection per Ordinance No. 272-16 in October, 2017. Requestors purchased the property in April, 2017. As new owners, the Requestors were given a "grace period" for inspection. Such inspection was not scheduled until January, 2018. Such inspection was never held.

f. As noted in paragraph e. above, there was no vacancy inspection conducted on the Shiloh Baptist Church, therefore, there are no "findings" as requested. As noted, the vacancy inspection (and findings) of the Shiloh Baptist Church would have been completed in October, 2017 had the Requestors not purchased the property in April, 2017.

g. The Borough is not in possession of any Vacancy payments or waivers for the Shiloh Baptist Church. As noted in response e. and f. above, the vacancy inspection anticipated for October, 2017 was not completed due to the sale of the property.

h. Attached hereto as Ex. F is the Vacancy Inspection Checklist for 2106, 2017 and 2018. It is noted that the Vacancy Inspection Checklist remained the same for 2016, 2017 and 2018.

i. There exists no "copy of the receipt from Brenda Troup, Zoning Officer, receipt of payment for the vacancy inspection of 719 N. Warren Ave…" as such an inspection, while scheduled, never occurred.

j. No "police summons" were issued to Shiloh Baptist Church, therefore the Borough is not in possession of any such document. As noted earlier, the Shiloh Baptist Church property was scheduled for a vacancy inspection in October, 2017, however such inspection never occurred as the Requestors purchased the property in April, 2017.

k. Regarding the Kerr Manufacturing Building, prior to 2015, Apollo Borough was an "opt out" community, that is, no agency such as Bureau Veritas was designated as the sole inspector for the Borough. As such, the Dept. of Labor and Industry would have received and reviewed any change of use applications. To the best of the Borough's knowledge, it is not in possession of any documents regarding a change of use request or approval of a change of use for the aforementioned building.

l. A copy of the Borough Zoning District Map is available for review and inspection at the Apollo Borough offices during normal business hours by the

Requestors or any member of the public. Due to the extra-large size, copies would be available at a cost to the Requestors or members of the public.

6. RTK dated August 14, 2019 –

   a. Apollo Borough is not in possession of any "Occupancy Permit and/or Dept. of Labor and Industry file number" for the 719 N. Warren Ave. property owned by Requestors. Apollo Borough is aware that Bureau Veritas has requested such information from the Requestors as part of their Change of Use application. To date, the Borough is not aware that any such information has been provided.
   b. The property at 219 First St. Apollo is currently zoned "B-1" with a "Town Center Overlay". Such property would be permitted for general business use.
   c. Apollo Borough is not aware of any "change of use" application or permit for the 219 First St. property. The Borough is aware that the prior and current uses were the operation of a retail business, therefore such a permit may not have been required. The Borough is not is possession of any Occupancy Permit for the 219 First St. property.

I believe that would address the information requested in the various Right To Know requests filed.

Sincerely,

Scott J. Andreassi

cc: Borough of Apollo
Angela Edris, Esq., Appeals Officer, Pennsylvania Office of Open Records
Blake Eilers, Esq., Appeals Officer, Pennsylvania Office of Open Records

CHARLTONLaw
we've got this

January 29, 2020

Janet and Scott Brunermer
719 N. Warren Ave.
Apollo, Pa. 15613
Via Electronic Mail and First Class Mail

***Re: Apollo Borough/Janet and Scott Brunermer – Order of Court Dated January 15, 2020.***

Dear Mr. and Mrs. Brunermer,

Per the consent Order of Court dated January 15, 2020, please find enclosed the following documents:

1. Ordinance 272-16
2. Ordinance A-190-79
3. Ordinance 273-16
4. Ordinance A-206-81
5. Ordinance 264-14
6. Ordinance 265-14
7. Ordinance 266-14
8. Apollo Borough Zoning Map
9. Regarding 723 N. Warren Ave., please find enclosed the following (referenced in the 8/22/2019 letter):

   a. 1/7/2018 Letter to Apollo Borough regarding 723 N. Warren Ave. property.
   b. 2/15/2018 Letter to Ms. Suzanne King re: Mary Lou Persoskie Estate property at 723 N. Warren Ave.
   c. 3/27/2018 Letter from Apollo Borough to "Family of Mary Lou Persoskie" re: 723 N. Warren Ave.
   d. 2017 "Annual Waiver of Fees Request" for the 723 N. Warren Ave. property.
   e. Copy of check dated 2/20/2018 for "inspection".
   f. 9/24/2018 Letter to "Estate of Mary Lou Persoskie" re: Vacant Building inspection.
   g. Copy of "Vacancy Ordinance Inspection Report for 2018" dated 10/09/2018 for 723 N. Warren Ave.
   h. Copy of "Apollo Borough Application and Registration Fee" for 723 N. Warren Ave. dated 7/7/2018.
   i. Copy of "Apollo Borough Vacancy Application and Registration Fee" for 723 N. Warren Ave. dated 7/15/2018.

j. Copy of 2018 "Annual Waiver of Fees Request" for 723 N. Warren Ave.
k. Copy of check dated 10/09/2018 for "home inspection", and receipt No. 475873 (date unreadable).
l. Copy of check dated 10/16/2019 for "home inspection", and receipt No.475892 dated 10/16/2018.
m. 2019 "Annual Waiver of Fees Request" for 723 N. Warren Ave. dated 7/7/2019.
n. 9/27/2019 Letter to "Mary Lou Persoskie" re: 723 N. Warren Ave. scheduling a vacancy inspection for 10/16/2019.
o. Copy of "Vacancy Ordinance Inspection Report for 2019" dated 10/16/2019 for 723 N. Warren Ave.

10. Copy of "Pennsylvania Uniform Construction Code: Municipal Election Form", as previously provided.
11. Copies of two (2) Dumpster Permits for 719 N. Warren Ave., dated 5/12/2017 and 7/18/2017.

The "Vacancy Lists" for 2016, 2017, 2018 and 2019 were previously provided in the format maintained by the Borough for each year. The Borough will attest to the authenticity of the format in which these records are kept in its affidavit filing. Mr. Brunermer acknowledged that he had received copies of the "Vacancy Lists" for the listed years during the testimony provided on January 15, 2020. If additional copies are needed, please have Mr. Gordon advise me.

A copy of the "UCC Code" is not in the possession of the Borough. This will be attested to in the Borough's affidavit filing. Mr. Grant Kanish of Bureau Veritas has advised that the document is voluminous and is available at the following website: "iccsafe.org". This will be attested to in either the Borough's affidavit or one filed by Mr. Kanish.

As noted in the revised Order of Court, affidavits regarding the remainder of the documents requested will be filed by the listed date.

Very Truly Yours,

Scott J. Andreassi /CKD

Scott J. Andreassi

cc: Borough of Apollo
Zachary Gordon, Esq.

COPY

ATTESTATION THAT AGENCY PROVIDED ALL RESPONSIVE RECORDS

| | |
|---|---|
| Name of Requester: | Janet L. and Scott Brunermer |
| Records Requested: | See Attached Court Orders |
| Appeal Caption: | No. 2019-1343, 1402, 1518 and 1790 – Civil |

I, Deanna Shupe, hereby declare under the penalty of perjury, pursuant to 8 Pa.C.S. § 4904, that the following statements are true and correct based upon my personal knowledge information and belief:

1. I am employed by Apollo Borough as the Secretary/Treasurer.

2. In my capacity as the Secretary/Treasurer for Apollo Borough, I was requested by Scott J. Andreassi, Apollo Borough Solicitor to review the Borough records, emails, email archives and any related records pursuant to Orders of Court issued by the Armstrong County Court of Common Pleas.

3. Upon receipt of the request, I conducted a thorough examination of files in the possession, custody and control of the Borough for records responsive to the request underlying the Orders of Court, specifically I searched the emails, email archives, responses to this litigation and other litigation, prior responses to Right To Know requests, sworn testimony provided in this litigation and other litigation and other paper records in my possession and the possession of the Borough as well as documents previously provided to the Plaintiffs that were responsive to the Orders of Court.

4. After conducting a good faith search of my email files, email archives, responses to this and prior litigation, prior responses to Right To Know requests, prior sworn testimony and paper records, I have determined that the Borough is not in possession of, that the requested records do not exist or that the Borough has already provided to the Plaintiffs the documents, as follows:

LEFT FOR ENTRY OR FILING
2021 SEP 10 AM 11:14

a. Records relating to the vacancy and/or landlord applications related to the property located at 723 N. Warren Avenue. (Persoskie Estate)

No such records exist as has been stated previously, therefore no records can be provided.

b. Records identifying 723 N. Warren Avenue as a vacant property.

No such records exist, as has been stated previously, therefore no records

can be provided.

c. Records in the Borough's possession indicating that the property at 723 N. Warren Avenue has been offered for sale.

No such records exist as has been previously stated, therefore no such records can be provided.

d. Records relating to an inspection of 723 N. Warren Avenue, including but not limited to an inspection on October 9, 2018.

No such records exist, as has been stated previously, therefore no records can be provided.

e. Records identifying the date of the next inspection of this property.

No such records, as has been stated previously, therefore no records can be provided.

f. Any landlord application for 723 N. Warren Avenue.

No such records exist, as has been stated previously, therefore no records can be provided.

g. Files related to the property located at 719 N. Warren Avenue.

All files in the possession of the Borough have been provided as a part of this and other litigation, prior sworn testimony and/or responses to prior Right-to-Know requests.

h. Act. 133 Report.

No such report is in the possession of the Borough. As such, no report can be provided, as has been stated previously, therefore no records can be provided.

i. Additional notes or records related to the vacancy inspection of the property.

All records in the possession of the Borough have been provided as a part of this or other litigation, prior sworn testimony and/or Right-to-Know requests. The Borough is not in possession of any additional records.

j. Dumpster permits for the property.

All dumpster permits in the possession of the Borough for the property have been provided as part of this or other litigation and/or Right-to-Know requests. The Borough is not in possession of any additional records.

k. Receipts related to payments made regarding the property.

All receipts in the possession of the Borough have been provided as part of this or other litigation and/or Right-to-Know requests. The Borough is not in possession of any additional records.

l. Documents showing the Labor and Industry Number for the property.

The Borough is not in possession of any such documents. As such, no documents can be provided.

m. Emails or other electronic records regarding the property.

Through the extensive litigation in this matter and cases, other litigation, previous Right-to-Know requests and prior sworn testimony, all emails and electronic records have been provided. The Borough is not in possession of any additional records.

n. Registry of vacant properties as of June 26, 2019.

A listing of vacant properties for the years 2016, 2017, 2018 and 2019 have been provided to the Plaintiffs as part of this litigation, other litigation, previous Right-to-Know requests and prior sworn testimony.

o. Vacancy letter sent to Shiloh Baptist Church.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, no such letter was ever sent to Shiloh Baptist Church. As such a letter does not exist and cannot be provided.

p. Vacancy registration paperwork for Shiloh Baptist Church for 2016-2017.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, the Shiloh Baptist Church did not apply for vacancy registration for 2016-2017. As such, no such paperwork exists or is in the possession of the Borough and therefore cannot be provided.

q. The 2016-2017 findings and inspection for Shiloh Baptist Church.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, no inspection was conducted on the Shiloh Baptist Church for 2016-2017. As such, no such paperwork exists or is in the possession of the Borough and therefore cannot be provided.

r. The vacancy waiver and payments from 2016-2017 for Shiloh Baptist Church.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, the Shiloh Baptist Church never applied for a vacancy waiver nor were any payments made. As such, no paperwork exists or is in the possession of the Borough and therefore

cannot be provided.

s. Copy of receipts for Brenda Troup for the vacancy inspection of 719 N. Warren Avenue.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or during sworn testimony, no vacancy inspection ever occurred at 719 N. Warren Avenue. As such, there exists no "receipts of Brenda Troup" and therefore no such documents can be provided.

t. Copy of the police summons that the property of Shiloh Baptist Church was vacant 2016-2017. As has been previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, no summons was issued to the Shiloh Baptist Church for vacancy for 2016-2017. As such, no summons exists or is in the possession of the Borough and therefore cannot be provided.

u. Copy of the Change of Use for Kerr Mfg.

As has been previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, there exists no Change of Use for Kerr Mfg. As such, there are no documents in the possession of the Borough.

v. Copy of the Borough Zoning Map.

A copy of the Borough Zoning Map is attached hereto as Exhibit A.

w. Under Ordinance No. 272-16, the list of minimum requirements for inspection.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, there exist no "list of minimum requirements for inspection." As such, the Borough is not in possession of any such document, therefore such a document cannot be provided.

x. List of Code Officials the Borough uses to perform inspections.

The said list of Code Inspection Officials was provided to the Plaintiffs as a part of this or other litigation, responses to Right-to-Know requests and/or sworn testimony. The said list has not changed.

y. List of qualifications to become a code official for Apollo Borough.

As stated previously in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, there exists no "list of qualifications to become a code official for Apollo Borough." As such, no documents exists or is in the possession of the Borough and therefore cannot be provided.

z. A copy of the Uniform Construction Code.

As stated previously, the UCC is a voluminous document and is not in the possession of the Borough.

aa. Ordinance No. 190-79.

Previously provided to the Plaintiffs as a part of this or other litigation, responses to Right-to-Know requests and/or sworn testimony.

bb. Ordinance No. 273-16.

Previously provided to the Plaintiffs as a part of this or other litigation, responses to Right-to-Know requests and/or sworn testimony.

cc. Ordinance No. 266-81.

Previously provided to the Plaintiffs as a part of this or other litigation, responses to Right-to-Know requests and/or sworn testimony.

dd. Financial records showing the Borough's cost to enforce the vacancy ordinance.

As previously stated in this or other litigation, responses to Right-to-Know requests and/or sworn testimony, the Borough has no "financial records showing the Borough's cost to enforce the vacancy ordinance." As such, no documents exists nor is it in the possession of the Borough and therefore cannot be provided.

ee. Any other ordinance of borough code related to change of use zoning.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, there exist no other ordinance or borough code related to change of use zoning. As such, the Borough is not in possession of any other documents.

ff. Records showing the first time Apollo Borough contracted with Bureau Veritas Employee Rich McMillen.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, Apollo Borough has not contracted with Mr. McMillen. As such, it has no records in its possession that would be responsive to the request and therefore cannot be provided.

gg. Ordinance No. 264-14 and any other ordinances or paperwork necessary to rent or let another business.

As previously stated in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, Ordinance No. 264-14 has been provided to the Plaintiffs. The Borough is not in possession of "any other ordinances or paperwork necessary to rent or let another business."

hh. All the Borough Change of Use requirements.

As previously stated to the Plaintiffs in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, any change of use requirements would be dependent upon the current permitted use and the use that is being proposed/requested. As such, and has been previously stated in this and other litigation, responses to Right-to-Know Requests and/or sworn testimony, the Borough cannot respond until the specific Change of Use requested is defined.

ii. Rich McMillen's qualifications to be a zoning officer, such as a resume or CV.

As previously stated to the Plaintiffs in this and other litigation, responses to Right-to-Know requests and/or sworn testimony, Mr. McMillen is not a zoning officer for the Borough of Apollo. In addition, the Borough is not in possession of any resume or CV for Mr. McMillen.

jj. A copy of the request by the members of Shiloh Baptist Church to request a waiver from vacancy for 2017.

As previously stated in this and/or other litigation, responses to Right-to-Know requests and/or sworn testimony, the members of the Shiloh Baptist Church did not request a waiver from vacancy for 2017. As such, no documents exists and is not in the possession of the Borough and therefore cannot be provided.

kk. A copy of the letter from Apollo Borough to the members of Shiloh Baptist Church.... that they are scheduled for a vacancy inspection to be held October, 2017.

As previously stated to the Plaintiffs in this and/or other litigation, responses to Right-to-Know requests and/or sworn testimony, no such letter was ever sent from the Borough to the members of the Shiloh Baptist Church. As such, no document exists and is not in the possession of the Borough and therefore cannot be provided.

ll. A copy of the application sent by the members of the Shiloh Baptist Church registering the building as a vacant building.

As previously stated to the Plaintiffs in this and/or other litigation, responses to Right-to-Know requests and/or sworn testimony, no such application was ever made. As such, no document exists and is not in the possession of the Borough and therefore cannot be provided.

mm. Copy of the Apollo Borough minutes and or letter to the Pennsylvania Dept. of Labor and Industry that the Borough has chosen to "Opt-In."

The Borough is not in possession of any meeting minutes or letters regarding an "Opt-In" with the Pa. Dept. of Labor and Industry. The

plaintiffs were advised this during this and/or other litigation, responses to Right-to-Know requests and/or sworn testimony

nn. Copy of documents sent from the Pa. Dept. of Labor and Industry to Apollo Borough regarding occupancy records of the property located at 719 N. Warren Avenue.

As the Plaintiffs have been previously advised in this and/or other litigation, responses to Right-to-Know requests and/or sworn testimony, the Borough is not in possession of any records from the Pa. Dept. of Labor and Industry regarding the occupancy records of the property at 719 N. Warren Avenue.

oo. 2018 water usage reports for 719 N. Warren Avenue.

The said report is attached hereto as Exhibit B. It is noted that the report was never the subject of any Right-to-Know request filed by the Plaintiffs. It is further noted that no such Right-to-Know request was ever made by the Plaintiffs.

pp. Documentation of the property being listed for sale in October, 2018.

Said documentation is attached hereto as Exhibit C. It is noted that the documentation was attached to a letter from the Plaintiff to the Borough. It is further noted that no such Right-to-Know request was ever made by the Plaintiffs.

qq. Letter from Mrs. Brunermer regarding her residency status.

The only letter received by the Borough is attached hereto as Exhibit D. It is noted that the letter writer did not own the property until April, 2017. It is further noted that the documents identified as Exhibit B was attached to the letter from the Plaintiff. It is further noted that no such Right-to-Know request was ever made by the Plaintiffs.

5. I am not in possession of any other records, written, electronic or otherwise, that are responsive to the Orders of Court.

Date: September 8, 2021

Signature: [signature]
Deanna Shupe,
Apollo Borough Secretary/Treasurer