EXHIBIT

7

exhibitsticker.com

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

September 21, 2020

Via e-mail to beilers@pa.gov
SloppySoap@windstream.net

Blake Eilers, Esq.
Appeals Officer
Commonwealth of Pennsylvania
Office of Open Records
333 Market Street, 16th Floor
Harrisburg, PA 17120-0333

Re: ***Janet Brunermer v. Commonwealth of Pennsylvania, Department of Labor and Industry***
**Docket No.: AP-2020-1715**

Dear Appeals Officer Eilers:

Please allow the following to serve as the Department of Labor & Industry's (Department's) Response to the above referenced Appeal.

On July 31, 2020, Janet Brunermer (Requester) filed a Pennsylvania Right-To-Know Law, 65 P.S. §§ 67.101, *et seq*, (RTKL), request with the Department's Agency Open Records Officer (AORO). Specifically, the Requester sought the following:

> A copy of the portion of the Uniform Construction Code Statute 35 P.S. §§ 7210.101 to 7210.1103 (Act 45 of 1999, as amended by Act 43 of 2001 and Acts 13, 92, 230 of 2004 and Act 95 of 2005) that includes the legislation/adoption/statutes of TOWNSHIP/BOROUGH MUNIPAL PRIOR APPROVALS form. This form contains no other numbers or letters (ie, such as DD214 or Form Number XXX). This form simply states TOWNSHIP/BOROUGH

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

MUNICIPAL PRIOR APPROVALS. If this form is found to be in other portions of the UCC or the IEBL, please provide that copy also.

On August 7, 2020, the Department notified the Requester that it would require an additional 30 days, i.e., until September 8, 2020, in which to respond to the request. On September 8, 2020, the Department denied the request, stating "The Department does not have the records you requested in its possession, under its custody or control." The letter then provided the Requester with a link to the text of the Pennsylvania Construction Code Act (PCCA) from the Department's website, and explained that the Requester would also find information regarding gaining access to the text of the International Building Codes, which include the International Existing Building Code (IEBC), which is published by the International Code Council (ICC). The present appeal should be denied because it seeks records that do not exist in the possession, custody or control of the Department. Because the weight of the evidence supports the Department's denial, that denial should be affirmed.

As evidenced by the attached Attestation of Matthew W. Kegg, the Director of the Department's Bureau of Occupational and Industrial Safety (BOIS), the Department conducted a good faith search for records responsive to the request and determined that the requested records are not in the Department's possession, custody or control.[1] Director Kegg attests that he is familiar with both the PCCA and the IEBC and he has never seen a reference to the form mentioned in the request in either the Act or in the Code. Moreover, Director Kegg also inquired with relevant persons in BOIS and was informed that they also were unaware of any mention of the Township/Borough/Municipal Prior Approvals form in the PCCA, the IEBC or the Uniform Construction Code (UCC).

In addition to conducting a good faith search, the Department's Response also provided a link to the PCCA from the Department's website and informed the Requester that information regarding gaining access to the International Code mentioned in the request was available through the Department's website. Section 704(b) permits an agency to respond to a request for records "by notifying the requester that the record is available through publicly accessible electronic means."

[1] Under the RTKL, a sworn affidavit may serve as sufficient evidentiary support for the nonexistence of records. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-521 (Pa. Cmwlth. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). In the absence of any competent evidence that the Department acted in bad faith or that the records exist, "the averments in [the affidavit] should be accepted as true." *McGowan v. Pa. Dep't. of Envt'l. Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014)(citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013)).

*See* 65 P.S. § 67.704(b)(1). *See also, Camburn v. Montgomery County Housing Authority,* OOR Dkt. AP 2016-0705; *Borden v. Ridgebury* Township, OOR Dkt. AP 2011-1460. [2]

Because the present request seeks a record that does not exist, the request was properly denied and that denial should be affirmed.

If you have any questions or require any additional information, please do not hesitate to contact me. Thank you for your consideration of this matter.

Very truly yours,

Katherine M. Jones

Katherine M. Jones
Assistant Counsel

Attachments

[2] The Department notes that Section 703 of the RTKL requires that a request for records "identify or describe the records being sought with sufficient specificity to enable the agency to ascertain which records are being requested. 65 P.S. § 67.703. The request at issue here did not do that, but rather relied on the Department to research the sources mentioned in the Request in search of a particular reference. In *Askew v. Office of the* Governor, 65 A.3d 989, 993 (Pa. Cmwlth. 2013), the Commonwealth Court stated that "[a] request that explicitly or implicitly obliges legal research is not a request for a specific document; rather, it is a request for someone to conduct legal research with the hopes that the legal research will unearth a specific document that fits the description of the request."

pennsylvania
DEPARTMENT OF LABOR & INDUSTRY

BUREAU OF OCCUPATIONAL & INDUSTRIAL SAFETY

ATTESTATION OF MATTHEW W. KEGG

Name of Requester: Janet L. Brunermer

Records Requested: A copy of the portion of the Uniform Construction Code Statute 35 P.S. §§7210.101 to 7210.1101 (Act 45 of 1999, as amended by Act 43 of 2001 and Acts 13, 92, 230 of 2004 and Act 95 of 2005) that includes the legislation/adoption/statutes of TOWNSHIP/BOROUGH MUNICIPAL PRIOR APPROVALS form. This form contains no other numbers or letters (ie. such as DD214 or Form Number XXX). This form simply states TOWNSHIP/BOROUGH MUNICIPAL PRIOR APPROVALS. If this form is found to be in other portions of the UCC or the IEBL, please provide that copy instead/also.

Appeal Caption: *Brunermer v. Dep't of Labor & Industry*
OOR Dkt. AP: 2020-1715

I, Matthew W. Kegg, hereby declare pursuant to 18 Pa.C.S. § 4904, that the following statements are true and correct based upon my personal knowledge, information and belief:

1. I serve as the Director of the Bureau of Occupational & Industrial Safety (BOIS) for the Pennsylvania Department of Labor & Industry (Department).

2. In my capacity as Director, I am responsible for RTKL requests for public records and/or information relating to BOIS, which is the bureau of the Department responsible for approving building plans for conformity with the Pennsylvania Construction Code Act (PCCA), the Uniform Construction Code (UCC) and other relevant state laws and regulations.

3. In my capacity as Director, I am familiar with the subject matter of the RTKL request underlying this appeal.

4. In my capacity as Director, I am familiar with the PCCA, the UCC, applicable international codes published by the International Code Council (ICC), and other relevant laws and regulations. To the best of my knowledge, there is no reference to the form identified in the request mentioned in the any of the statutes or codes mentioned in the request, including the International Existing Building Code (IEBC).

pennsylvania
DEPARTMENT OF LABOR & INDUSTRY

BUREAU OF OCCUPATIONAL & INDUSTRIAL SAFETY

5. I also inquired with other BOIS personnel, some of whom have worked for the Department for twenty years, and was informed that they also knew of no reference to the form mentioned in the request in the PCCA, the IEBC or the UCC. Based on this information, I determined that the record sought by the requester does not exist as a record of the Department or in its possession, custody or control.

6. In addition to informing the Requester that the Department did not have the requested records in its possession, custody or control, the Department provided the Requester with a link to the PCCA and informed her that the Department's publicly available website contains information regarding how to gain access to the text of the IEBC.

Date: September 21, 2020

Signature: ______________________
Matthew W. Kegg, Director
Bureau of Occupational & Industrial Safety

**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF OPEN RECORDS**

| | | |
|---|---|---|
| Janet Brunermer | : | |
| | : | |
| Appellant, | : | OOR AP No. 2020-1715 |
| | : | |
| v. | : | Appeals Officer |
| | : | Blake Eilers, Esquire |
| Dep't of Labor & Industry, | : | |
| | : | |
| Respondent. | : | |

Certificate of Service

I hereby certify that I have this 21st day of September served the foregoing Response to Appeal by email to:

Janet Brunermer
Sloppysoap@windstream.net

Date: September 21, 2020

Katherine M. Jones
Katherine M. Jones
Assistant Counsel
Commonwealth of Pennsylvania
Department of Labor & Industry
10th Floor, L&I Building
7th and Forster Streets
Harrisburg, PA 17120
(717) 787-4186

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

September 4, 2020

Via e-mail to mzeppos@pa.gov" mzeppos@pa.gov
rsbruner@windstream.net

Magdalene Zeppos, Esq.
Appeals Officer
Commonwealth of Pennsylvania
Office of Open Records
333 Market Street, 16th Floor
Harrisburg, PA 17120-0333

Re: ***Brunermer v. Commonwealth of Pennsylvania, Department of Labor and Industry***
**Docket No.: AP-2020-1359**

Dear Appeals Officer Zeppos:

Please allow the following to serve as the Department of Labor & Industry's (Department's) response to the above referenced Appeal.

On August 3, 2020, Scott Brunermer (Requester) filed a Pennsylvania Right-To-Know Law, 65 P.S. §§ 67.101, *et seq*, (RTKL), request with the Department's Agency Open Records Officer (AORO). Specifically, the Requester sought the following: "A copy of the portion of the Uniform Construction Code, (sic) that adopts the use of a "Municipal Prior Approval Form" prior to the issuance of a building permit to a permit applicant." The request was deemed denied when the Requester failed to receive an extension notice emailed to him by the Department in which the requester's email address had been inadvertently misspelled.

After receiving the Request, the Department conducted a good faith review of its records searching for records responsive to Requester's request. The search revealed the Department does not possess any records that would be responsive to the Request. As evidenced by the attached Attestation of Matthew W. Kegg,[1] Director of the Department's Bureau of Occupational and

[1] Under the RTKL, a sworn affidavit may serve as sufficient evidentiary support for the nonexistence of records. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-521 (Pa. Cmwlth. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). In the absence of any competent evidence that the Department acted in bad faith or that the records exist, "the averments in [the affidavit] should be accepted as true." *McGowan v. Pa. Dep't. of Envt'l. Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014)(citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013)).

Industrial Safety (BOIS), the Department does not have the requested record within its possession, custody or control. Director Kegg states that he conducted a good faith search for the requested information and determined that the records requested do not exist in the possession of the Department. He further states that to the best of his knowledge, the Uniform Construction Code (UCC) does not mention the term "Municipal Prior Approval Form." Information regarding the UCC can be found on the Department's website at: https://dli.pa.gov/ucc/Pages/UCC-Codes.aspx.

Because the request seeks records which do not exist within the possession, custody or control of the Department, the request was properly denied and that denial should be affirmed.

If you have any questions or require any additional information, please do not hesitate to contact me. Thank you for your consideration of this matter

Very truly yours,

Katherine M. Jones

Katherine M. Jones
Assistant Counsel

Attachments

pennsylvania
DEPARTMENT OF LABOR & INDUSTRY

BUREAU OF OCCUPATIONAL & INDUSTRIAL SAFETY

ATTESTATION OF MATTHEW KEGG

Name of Requester: Scott Brunermer

Records Requested: A copy of the portion of the Uniform Construction Code that adopts the use of a "Municipal Prior Approval Form" prior to the issuance of a building permit to a permit applicant.

Appeal Caption: Brunermer v. Dep't of Labor & Industry
AP: 2020-1359

I, Matthew W. Kegg, hereby declare pursuant to 18 Pa.C.S. § 4904, that the following statements are true and correct based upon my personal knowledge, information and belief:

1. I serve as the Director of the Bureau of Occupational & Industrial Safety (BOIS) for the Pennsylvania Department of Labor & Industry (Department).

2. In my capacity as Director, I am familiar with the subject matter of the RTKL request underlying this appeal.

3. After a good faith search of the records of BOIS, I have determined that the records requested do not exist in the possession, custody or control of the Department.

4. To the best of my knowledge, the UCC does not specifically mention the term "Municipal Prior Approval Form." This form mentioned in the request is not a Departmental form.

5. The Pennsylvania Construction Code Act (PCCA) permits municipalities that choose to enforce the UCC to adopt their own ordinances. It is possible that this form pertains to the requirements of one or more municipalities.

Date: September 2, 2020

Signature: [signature]
Matthew W. Kegg, Director
Bureau of Occupational & Industrial Safety

**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF OPEN RECORDS**

| | | |
|---|---|---|
| Scott Brunermer | : | |
| | : | |
| Appellant. | : | OOR AP No. 2020-1359 |
| | : | |
| v. | : | Appeals Officer |
| | : | Magdalene Zeppos, Esquire |
| Dep't of Labor & Industry, | : | |
| | : | |
| Respondent. | : | |

Certificate of Service

I hereby certify that I have this 4th day of September, I served the foregoing Response to Appeal by email to:

Scott Brunermer
rsbruner@windstream.net

Date: September 4, 2019

Katherine M. Jones

Katherine M. Jones
Assistant Counsel
Commonwealth of Pennsylvania
Department of Labor & Industry
10th Floor, L&I Building
7th and Forster Streets
Harrisburg, PA 17120
(717) 787-4186

**Windstream Webmail** **sloppysoap@windstream.net**

**RE: Building Permit - 719 North Warren Ave., Apollo, PA**

**From :** Grant Kanish <grant.kanish@bureauveritas.com> Thu, May 07, 2020 09:25 AM
**Subject :** RE: Building Permit - 719 North Warren Ave., Apollo, PA 2 attachments
**To :** sloppysoap@windstream.net
**Cc :** Gail GREENIA <Gail.Greenia@bureauveritas.com>, Scott Andreassi <scott@charltonlawyers.com>

Mr. & Mrs. Brunermer,

Good morning……………………………You are correct, BV is in receipt of your approved drawings and tl variance from the PA Dept. of Labor and Industry for the accessible route to the primary function a The last piece of the puzzle is a "signed" Municipal Approval form from Apollo Borough. Once recei Kittanning Office, we may proceed with your permitting and subsequent inspection(s). I have attach the unsigned form submitted by you in January 2020.

I would also like to take this opportunity to clarify some things regarding the associated BV fees for and our procedures due to the COVID-19 Pandemic:

- Your $90.00 check has been returned to you several times. I do not know where you obtai amount for a permit application.
- The $200.00 fee (processed on Monday) was for a preliminary Plan Review conducted by F on drawings that were submitted unstamped and incomplete. Thank you for your payment
- Moving forward and after a permit has been issued we will be billing you on a "per inspect a rate of $75.00 per hour (1 hour minimum) for each inspection request per the attached fe (see page 2). This is due to the fact that there was "not any work performed" and a Cost of Construction was not provided on the Permit Application.
- When a Field Inspector has approved the site for occupancy an invoice for services will be and sent to you. Once payment is received, a Certificate of Occupancy will be generated ar you.
- Due to the COVID-19 Pandemic, BV in an effort to protect its employees has developed me that we reduce the amount of exposure to our staff. The office is not open to the general p you need to contact the office for anything please call 724-548-1414 and leave a message, be returned before the end of the business day.
- Field Inspectors will contact you 15 minutes prior to their arrival so that the area to be insp vacated. You will need to be on site and available by mobile phone for any questions the in have. He will leave you an inspection report for you review. This process will be repeated sh inspections need to take place.

Should you have any questions, feel free to respond to this email.

Grant L. Kanish
PA West Business Unit Manager
204 Butler Road – Suite 3
Kittanning, PA 16201
grant.kanish@us.bureauveritas.com
Office – 724-548-1414
Mobile – 724-812-6283

---

**From:** sloppysoap@windstream.net [mailto:sloppysoap@windstream.net]
**Sent:** Wednesday, May 06, 2020 9:55 PM
**To:** Grant Kanish <grant.kanish@bureauveritas.com>
**Cc:** Rod Smay <rod.smay@bureauveritas.com>
**Subject:** Building Permit - 719 North Warren Ave., Apollo, PA

Good evening

receive our permit? Is this something we need to pick up at your office, or is this sc
we should expect in the mail?

If our permit is not being released, please advise which part of the process have we
"misguided"? Are you missing any documentation from any individuals, or Apollo Bo
officials at this time?

Regards,
Scott and Janet Brunermer

SloppySoap Inc.
Life is tough. Lather it up!

This message contains confidential information. To know more, please click on the following link: http://disclaimer.bureauveritas.com

---

**Municipal Approval - Brunermer.pdf**
351 KB

**Armstrong UCC Group 1-1-2020.pdf**
832 KB

---

Apollo **TOWNSHIP/BOROUGH**
**MUNICIPAL PRIOR APPROVALS**

**Parcel #** 01-227-07-01-74
**Lot #** 719

**Applicant/Property Owner:** R. Scott and Janet L. Brunermer **Phone:** 724-624-2716

**Address:** 719 North Warren Avenue

**Contractor:** Self **Phone:**

**Address:**

☐ **Single Family Dwelling** ☐ **Multi-Family Dwelling** ☐ **Accessory Structure**

☐ **Addition** ☐ **Trailer** ☐ **Trailer Replacement** ☐ **Temporary Trailer**

☑ **Commercial Building** ☐ **Addition – Commercial Building**

**Description:** Mercantile **Size:** 2,850

**Construction Cost:** 10,000 **Plot Plan Attached?** Provided **Insurance Info. attached** Provided

**Location:** 719 North Warren Avenue, Apollo, Armstrong County, PA 15613

*I hereby certify that the proposed work is authorized by the owner of record and that I have been authorized to make this application as his authorized agent and we agree to conform to all applicable laws of this jurisdiction.*

**Signatur** R. Scott Brunermer / Janet L. Brunermer **Date:** 8-31-2020
D.A. Lowry ; Riverside Architecture 8-31-2020

**APPLICANT MUST HAVE TOWNSHIP, BOROUGH OR CITY COMPLETE THE FOLLOWING:**

**Site Located Within Flood Plain?** ______ **Zoning Type** ______

**Type of Sewage:** ______ **(Approval Attached)** **Not Applicable**

**Type of Water:** ______ **(Approval Attached)** **Not Applicable**

**Road Occupancy Permit:** ______ **(Approval Attached)** **Not Applicable**

**Stormwater Management:** ______ **(Approval Attached)** **Not Applicable**

**I hereby certify that this application is in compliance with all relevant ordinances of Township/Borough and therefore eligible for Municipal approval.**

**Date Approved/Issued:** ______

**Township/Borough Officer/Secretary:** ______

9/7/07

Apollo Borough TOWNSHIP/BOROUGH
MUNICIPAL PRIOR APPROVALS

Parcel # 227.07-01-45
Lot # ______

Applicant/Property Owner: Apollo Borough Phone: 724-478-4201

Address: 809 North Warren Avenue, Apollo Borough, PA 15613

Contractor: TBD (To be determined) Phone: TBD

Address: TBD

☐ Single Family Dwelling ☐ Multi-Family Dwelling ☐ Accessory Structure

☐ Addition ☐ Trailer ☐ Trailer Replacement ☐ Temporary Trailer

☑ Commercial Building ☐ Addition – Commercial Building

Description: Office alteration at 1st floor only Size: 5,051 S.F. (4 floors)

Construction Cost: $8,450 Plot Plan Attached? Yes Insurance Info. attached ______

Location: 809 North Warren Avenue, Apollo, PA 15613

*I hereby certify that the proposed work is authorized by the owner of record and that I have been authorized to make this application as his authorized agent and we agree to conform to all applicable laws of this jurisdiction.*

Signature: [signature] Date: 3-10-2020

David Hill, R.A. - Agent for Apollo Borough

**APPLICANT MUST HAVE TOWNSHIP, BOROUGH OR CITY COMPLETE THE FOLLOWING:**

Site Located Within Flood Plain? No Zoning Type B-T with TCO

Type of Sewage: Existing Public - N/A (Approval Attached) Not Applicable

Type of Water: Existing Public - N/A (Approval Attached) Not Applicable

Road Occupancy Permit: Existing Driveway - N/A (Approval Attached) Not Applicable

Stormwater Management: Existing under Parking - N/A (Approval Attached) Not Applicable

I hereby certify that this application is in compliance with all relevant ordinances of Township/Borough and therefore eligible for Municipal approval.

Date Approved/Issued: 3-10-20

Township/Borough Officer/Secretary: Donna Sharpe