EXHIBIT
8

pennsylvania
OFFICE OF OPEN RECORDS

# Standard Right-to-Know Law Request Form

*Good communication is vital in the RTKL process. Complete this form thoroughly and retain a copy; it may be required if an appeal is filed. You have 15 business days to appeal after a request is denied or deemed denied.*

**SUBMITTED TO AGENCY NAME:** Apollo Borough (Attn: AORO)

Date of Request: 2/18/2020 Submitted via: ☒ Email ☐ U.S. Mail ☐ Fax ☐ In Person

**PERSON MAKING REQUEST:**

Name: Scott & Janet Brunermer Company (if applicable): ____

Mailing Address: 719 North Warren Avenue

City: Apollo State: PA Zip: 15613 Email: sloppysoap@windstream.net

Telephone: 724-506-2895 Fax: ____

How do you prefer to be contacted if the agency has questions? ☐ Telephone ☒ Email ☐ U.S. Mail

**RECORDS REQUESTED:** *Be clear and concise. Provide as much specific detail as possible, ideally including subject matter, time frame, and type of record or party names. RTKL requests should seek records, not ask questions. Requesters are not required to explain why the records are sought or the intended use of the records unless otherwise required by law. Use additional pages if necessary.*

A copy of the Change of Use from C-2 "Residential Group Habitation" to Municipal Offices. This should also include a copy of the UCC inspection checklist, that would have given to change the use.

**DO YOU WANT COPIES?** ☐ Yes, printed copies (*default if none are checked*)
☒ Yes, electronic copies preferred if available
☐ No, in-person inspection of records preferred (*may request copies later*)

Do you want certified copies? ☐ Yes (*may be subject to additional costs*) ☒ No

*RTKL requests may require payment or prepayment of fees. See the Official RTKL Fee Schedule for more details.*

**Please notify me if fees associated with this request will be more than ☐ $100 (or) ☐ $________.**

---

**ITEMS BELOW THIS LINE FOR AGENCY USE ONLY**

Tracking: ____ Date Received: ____ Response Due (5 bus. days): ____

30-Day Ext.? ☐ Yes ☐ No (If Yes, Final Due Date: ____) Actual Response Date: ____

Request was: ☐ Granted ☐ Partially Granted & Denied ☐ Denied Cost to Requester: $____

☐ Appropriate third parties notified and given an opportunity to object to the release of requested records.

*NOTE: In most cases, a completed RTKL request form is a public record.*
*More information about the RTKL is available at https://www.openrecords.pa.gov*

Form updated Feb. 3, 2020

# REPORT on Change of Use

***for***

**Building Structure**

***(formerly known as the Leonard C. Miller House – Adelphoi Village)***

***at***

**809 North Warren Avenue**
**Apollo, PA 15613**

***Prepared for***

**The BOROUGH of APOLLO, Armstrong County**

***by municipal engineering firm Olsen Craft & Associates, LLC***

***February 28, 2020***

## ***SUMMARY OF ANALYSIS***

The existing conditions of the building structure at 809 Warren Avenue, Apollo, PA, formerly known as the Leonard Miller Home have been reviewed by Olsen Craft & Associates, LLC. (OCA). The purpose of this review was to observe and record code-related features at the building and site, compare this documentation with jurisdictional building requirements, and judge whether the administrative offices of the Borough of Apollo can occupy the building under a revised Occupancy Classification. The administrative office functions of the Borough, planned for the building, are classified differently from the building's former use as a Residential Group Home. The building's safety requirements for Borough's purposes are less stringent than its former use, residential, which poses a greater fire and panic hazard for the occupants. Consequently, the existing building is equipped with added protections, principally, manual fire alarm system and smoke detection, not ordinarily required for office use of this building size.

It is the opinion of OCA that there are no insurmountable physical obstacles to occupying the building under its proposed change-of-use re-classification to "Business". Certain alterations are in order to accommodate this. The most significant improvements involve handicap accessibility, notably a major alteration of the First Floor restroom. Other, minor upgrades are noted as well.

It is OCA's opinion that an elevator or platform lift is not required to reach the second and third floor of the building. Since the Borough is Federally classified as a Title II entity, it can provide accessibility by way of a "program change", in lieu of physical alterations. This means reassigning functions not otherwise physically accessible, to other accessible spaces within a building, or other buildings; in this case, an accessible First Floor plan.

A general Plan of Action for the Borough to accomplish their objective is listed at the close of this report. The details of construction will involve a follow-on set of written and drawn instructions to be reviewed by the Third-Party Review Agent.

## A. <u>*GENERAL*</u>

Municipal entity Apollo Borough in Armstrong County, Pennsylvania intends to occupy the building at 809 N. Warren Avenue (known as the Leonard Miller Home) and use it for Apollo's Municipal Offices and Police Department. In the recent past, the building was not used as offices, but as a Group Home for at-risk children and families, sponsored by Adelphoi. The relocation of Borough administrative Offices and Police to this building constitutes a Change of Use of the structure, prompting an official re-classification of the building for the Borough's purposes.

Upon request by Apollo Borough, Olsen Craft & Associates has undertaken an effort to document and evaluate existing conditions at the building, and to recommend a course of action to effectuate such re-classification.

## B. <u>*CURRENT OCCUPANCY CLASSIFICATION*</u>

The building's official use is currently classified by the Department of Labor and Industry (DLI) as C-2 (Group Habitation) as described in Pennsylvania Code, Title 34, Chapters 49-60, Fire and Panic and Universal Accessibility Standards; and documented on a Certificate of Occupancy (C-O) issued February 1, 1983 to past user Adelphoi Village. Chapters 49-60 of the PA Code have been superseded by the state-wide adoption of the Uniform Construction Code (UCC) of which the International Building Code (IBC) is a part. The superannuated C-2 use designation is equivalent to contemporary IBC Occupancy Classifications of R-2 (Dormitory) or R-3 (Congregate Living Facility with 16 or fewer persons).

## C. <u>*PROPOSED RE-CLASSIFICATION*</u>

The functions comprising the proposed uses of the building by the Borough can be circumscribed within the code definition of *Business Group **B**: " the use of a building for office, professional service-type transactions, including storage of records and accounts."* This also includes spaces used for assembly purposes that

are less than 750 square feet or accommodate less than 50 persons (occupant load). Therefore, a newly furnished C-O would certify that the building may be occupied as a "B—Business" Occupancy.

## *D. PROPOSED PROGRAM FOR USING EXISTING FLOORS*

**First Floor**—Reception and Waiting Areas (to be separated), Council Office, Police Office, Meeting Room, Kitchen/Break Room, Restroom.

**Second Floor**—Record Storage combined with Office use, where required; Restroom.

**Third Floor**—Record Storage with Office use where required; Conference area, Break Room, Restroom.

**Basement**—Mechanical Space, Record Storage.

## *E. PHYSICAL FACTS*

1. **Lot Area**-- 0.3 acres, approximately.
2. **Site Context**—Building is centrally located on its lot with adequate front, rear and side yards, providing acceptable fire separation distances from neighboring structures.
3. **Construction Type**—III-B—2-hour rated exterior masonry bearing walls, with wooden floor and roof construction.
4. **Building Height—**3-stories
5. **Floor Areas— (See attached Floor Plans)**
    a. First Floor— 1410 square feet (SF)
    b. Second Floor— 1490 SF
    c. Third Floor— 870 SF
    d. Basement-- 1281 SF
6. **Fire Protection—** Building is not sprinklered.
7. **Elevator or Platform Lift**—None provided.

## *F.* ***AREA & HEIGHT LIMITATIONS***

The *tabular* floor area and height limitations for a proposed Business Occupancy in a III-B Construction Type building are *19,000 SF* and *three (3) stories.* (Table 503). The floor areas of the proposed building are substantially within these limits. As a non-sprinklered building, its height is at its tabular limit of 3 stories.

## *G.* ***OCCUPANT LOAD***

The Occupant Load (number of persons occupying a building based on use) needs to be known in order to plan sufficient numbers, and widths of exits. Based on empirical evidence, the "Maximum Floor Area Allowances per Occupant" (Table 1004.1.1), allocates a *maximum of 100 square feet per occupant in Business uses.* The occupant loads for each floor are calculated below:

| | | | | | |
|---|---|---|---|---|---|
| 1. First Floor— | 1410 SF | / 100 SF = | 14.1 = | **15 persons** |
| 2. Second Floor— | 1490 SF | / 100 SF = | 14.9 = | **15 persons** |
| 3. Third Floor— | 870 SF | / 100 SF = | 8.7 = | **9 persons** |
| 4. Basement-- | 1281 SF | / 100 SF = | 12.8 = | **13 persons** |
| **Total** | 1410 SF | / 100 SF = | 14.1 = | **52 persons** |

These ***tabular*** figures above represent the maximum number of persons that could be expected in a fully used office building, but far in excess of the Borough's staff requirements (the ***actual*** occupant load). Also, substantial floor area will be assigned to record storage where the occupant load would be less --300 square feet per person, (*tabular*); and probably fewer, *(actual*).

A Meeting Room (an accessory assembly function) is programed for the First Floor. The space assigned for this is approximately 300 SF. When fully utilized, half of this space, 150 SF, would be used by Council and other professionals with a table and chair arrangement at 15 SF / person, yielding 10 persons. The remaining portion of the room can be used for additional seating, once aisleway space is allowed. Approximately 84 SF is available. At 7 SF/ person, 12 persons

can be accommodated for a would yield an additional 12 persons, for a total of 22 persons. This is well below the maximum of 50 persons allowed for an accessory purpose supporting a Business function.

## *H. EMERGENCY EGRESS*

**1. Exit Stairways**— The front stairway serving Second Floor occupants opens at the bottom into the unenclosed First Floor reception area. Egress travel from the bottom step to the front door exit is immediately to the left. The rear stairway serving the Third Floor, Second Floor, First Floor, and Basement is fully enclosed and leads directly to exterior grade at the First Floor level to the south side of the building. This stairway lacks a gate at the First Floor level to preempt inadvertent egress travel into the Basement level.

**2. First Floor**—There are four (4) points of egress—one front, one rear, and two side exits (one dedicated to the Police office). Three exits have 32" wide doors and swing out; the rear door is 36" wide and swings in.

**3. Second Floor**—There are two exit doors opening into respective stairways, front and back, that lead to grade. These doorways are solid wood with labeled steel frames and closers that separate the stairway floor openings from the First Floor and the Third Floor.

**4. Third floor**—There are two ways out of third floor towards the rear. One leads into a stairway, protected by a 32" wide solid wood door and steel frame, with closer. The second egress path leads to (a step up) and through the rear bathroom to a window exit (double hung window) opening onto an exterior steel fire escape. These two points of exits would not be regarded as remote. This fire escape leads to grade, is sturdy with galvanized landings and treads, but the railings and structure should be repainted. In certain windows near this fire escape, wire glass panes are used to impede interior fire from breaking out onto the stairs and landings. Other windows near the stairway are not furnished with wire glass. The final run of steps to grade descends greater than 12 vertical feet.

**4. Basement**—There are two means of egress provided from the basement—one into a stairway protected by a solid door and steel frame, and one leading into a steep stair, covered by a sloping Bilco-style pair of upward acting steel doors.

## I. ***EMERGENCY LIGHTING***

An Emergency Lighting System is installed. Functionality is unknown.

## J. ***MANUAL FIRE ALARM SYSTEM***

A Fire Alarm System is installed. Functionality is unknown.

## K. ***SMOKE DETECTION SYSTEM***

Smoke detection is installed. Functionality is unknown.

## L. ***ACCESSIBILITY***

1. **Site Elements**—
   a. **Accessible path**-- Only one handicapped van-accessible parking space is provided and required. The area is adequate, striped and marked with the Universal Symbol, although fading. Signage is lacking. The parking surface is firm concrete leading to a nearly level concrete sidewalk stretching to an adequately sized landing adjacent to the back entry / exit door. This is the accessible entrance to the building.
   b. **Exterior steps to back entry / exit**—Two risers and one tread lead from the upper back parking to a short sidewalk to the back door. Railings are out of compliance.

2. **Accessible Entrance/Exit door at the rear**
   a. **Door width**—36"
   b. **Door Swing**—Door swings in against the egress direction.
   c. **Threshold**—Height and geometry out of compliance
   d. **Hardware trim**—lacking lever trim, out of compliance.

3. **Second Accessible Exit**—Not provided. The south side exit door near the parking lot is intended to be accessible, but has several deficiencies. The front entrance door facing Warren Avenue could be improved to be an accessible exit, with provision for Area of Rescue Assistance.

4. **Accessible Interior path (First Floor)**—Available to all spaces, although contingent on latch-side clearance to Restroom and rear door exit.

5. **Kitchen / Break Room**—Accessible path to and through Kitchen/Break is available. Countertop surfaces and sink height are out of accessibility compliance. Range/oven is not accessible—access to controls require reaching across burners. Refrigerator accessibility unknown.

6. **Restroom(s)**—Restrooms on all floors are not accessible. First floor restroom has sufficient floor area to become accessible to the public and Borough employees. Major alterations required. Path to restroom can be made accessible.

## *M. EXTERIOR CHARACTER of the Miller House*

The Leonard Miller Home, built of brick and stone, exhibits a robust solidity on North Warren Avenue. Quadrilateral in plan, substantial in size, the structure rises 3 stories to a pyramidal roof, dominated by four large dormers, axially arranged. The large wrap-around porch at the first floor features a corner turret with conical roof—striking if properly restored. A full window replacement program is evident. Warm-colored iron-spot brick with blush mortar joints; rock-faced lintels, sills, and foundation; and stained-glass accents enhance this agreeable design. The building pattern here typifies early 20th century house construction for the well-to-do. Certain contemporary materials used in recent repairs detract from the overall positive impression. Stone masonry deterioration at grade is noted.

# ***PLAN of ACTION for OCCUPANCY USE RE-CLASSIFICATION***

## ***1. General***

To follow a path toward use re-classification during occupancy, the Borough should address the items below to improve accessibility, upgrade the building's safety features, and improve convenience.

***2. Documentation of Proposed Alterations***—Reach consensus with Bureau Veritas (BV) on requirements for written and graphic design details of the proposed alterations to be submitted to BV for review and approval. The general initiative for alterations are itemized below:

## ***C. Site Elements***

S1. Provide accessible signage at the HCP parking space at the southeast rear of the building.

S2. Provide new code-conforming railings at the two-step concrete stairs leading from the eastern rear parking to the back entrance.

S3. Provide a firm sidewalk at the side yard grassy area leading from the east parking lot to the front porch steps.

S4. Provide code-conforming railings at the front porch steps and the steps leading to the Warren Street sidewalk.

S5. Provide tactile accessible exit/entrance signs at rear entrance door.

## ***D. Exiting***

E1. Reverse door swing at rear entrance. Maintain and/or provide accessible latch-side clearance at interior and exterior.

E2. Provide gate at the top of Stair-B to Basement to prevent mistaken egress into the Basement level.

E3. Provide wire glass or other suitable panes in windows near the fire escape as required.

E4. Provide code-conforming railings on all stairways.

E5. Scrape and paint fire escape railings and structure where required.

***E. Building Accessibility Elements***

A1. Lower height of threshold at rear entrance to comply with standards.

A2. Provide accessible exiting at front door, including door modifications providing proper clearances.

A3. Provide accessible "Area of Rescue Assistance" (ARA) at front door to accommodate two wheelchairs by raising porch floor elevation near door to threshold level. New raised floor area to transition down to existing porch level with sloped plane.

A5. Gut existing restroom on first floor and alter space with code-conforming fixtures and dimensional clearances.

A6. Provide lever hardware for all doors in the building, excluding those used for mechanical access.

A7. Evaluate scope of kitchen/breakroom functions and re-program if required to minimize or augment kitchen use requirements. Demolish/dispose of obsolete elements. Alter/renew kitchen appliances and surfaces to make ADA accessible.

A8. Provide tactile accessible signage at restroom and exits and wherever required.

***F. Emergency Lighting***—Test existing system and correct any deficiencies.

***G. Manual Fire Alarm***-- Not required in this Business occupancy. If to remain in service, test existing system and correct deficiencies. Provide strobe alarms in restroom.

***H. Smoke Detection***—Not required in this Business occupancy. If to remain, test system and correct any deficiencies.

***I. Reception***—When erecting a partition wall in the front room, as programmed, to separate Waiting from Reception, including provisions for a service window and counter, these elements must be designed and built to comply with egress and ADA accessibility standards.




Leonard Miller Home -
First Floor

| Adelphoi USA<br>1119 Adelphoi Village Way<br>Latrobe PA 15650 | Leonard Miller Home<br>809 N. Warren Avenue<br>Apollo, Pa. 15613 | Revised by: | Drawn by:<br>Robert J. Beran<br>12-15-12 | DWG. NO.<br>MLH-1004-A1_061412 | SHEET NO.<br>A1 |
|---|---|---|---|---|---|




| Adelphoi USA<br>1119 Adelphoi Village Way<br>Latrobe PA 15650 | Leonard Miller Home<br>809 N. Warren Avenue<br>Apollo, Pa. 15613 | Revised by: | Drawn by:<br>Robert J. Beran<br>12-15-12 | DWG. NO.<br>MLH-1004-A1_061412 | SHEET NO.<br>A2 |
|---|---|---|---|---|---|




Leonard Miller Home -
Third Floor

0 2 4 6 8 10 12 14 16 18 20

SCALE: 1 BLOCK EQUALS 1'-0"

| Adelphoi USA<br>1119 Adelphoi Village Way<br>Latroba PA 15650 | Leonard Miller Home<br>809 N. Warren Avenue<br>Apollo, Pa. 15613 | Revised by: | Drawn by:<br>Robert J. Beran<br>12-15-12 | DWG. NO.<br>MLH-1004-A1_061412 | SHEET NO.<br>A3 |
|---|---|---|---|---|---|




Leonard Miller Home -
Basement




| | | | | | |
|---|---|---|---|---|---|
| Adelphoi USA<br>1119 Adelphoi Village Way<br>Latrobe PA 15650 | Leonard Miller Home<br>809 N. Warren Avenue<br>Apollo, Pa. 15613 | Revised by: | Drawn by:<br>Robert J. Beran<br>12-15-12 | DWG. NO.<br>MLH-1004-A1_061412 | SHEET NO.<br>A1 |

# TEMPORARY CERTIFICATE OF OCCUPANCY/COMPLIANCE

(This serves notice that the conditions listed below must be met within 60 days or the owner may be subject to fines and or order to vacate)

Bureau Veritas North America, Inc.

Permit No. BVA20-025
TMS Project No. 2020-400802

Work Site Address: 809 N Warren Ave. Apollo
Apollo Borough, PA, 15613

Municipality: Apollo Borough
County: Armstrong
Use Group: B
Type of Construction: IIIB
Occupant Load: 5
Sprinkler System: No
Description: Office Alterations/Change of Use

Owner: Apollo Borough
Address PO Box 306
Apollo, PA 15613
Telephone: 724-478-4201

Contractor: Apollo Borough
Address: PO Box 306
Apollo, PA 15613
Telephone: 724-478-4201

Date of Final Inspection:

Code Editions
2015 IBC/IEBC
2009 ANSI
2018 IBC, Chapter 11

Scope of Work

Permit Holder: Apollo Borough
Address: PO Box 306
Apollo, PA 15613
Telephone: 724-478-4201

Date Printed: 3/13/2020

Conditions:

A Building Code Official may suspend or revoke a Certificate of Occupancy when the Certificate was issued in error, on the basis of incorrect information supplied by the permit applicant or in violation of the Uniform Construction Code. This Certificate may be withdrawn and the building closed for failure to maintain and operate this building in compliance with the PA UCC including all accessibility requirements. Any modification of the building including accessibility will require resubmission of plans and must meet all UCC Code requirements. Before a Certificate of Occupancy is revoked, a building owner may request a hearing before the Board of Appeals under Section 402.122 of the Uniform Construction Code Law Act 45.

Bureau Veritas North America, Inc. 724-548-1414 Designated BCO Grant Kanish

# PERMIT

## Apollo Borough, Armstrong County

Bureau Veritas North America, Inc.

Date Issued: **3/11/2020**

Permit No. **BVA20-025**

TMS Project No. **2020-400802**

Work Site Location: 809 N Warren Ave. Apollo
Apollo Borough, PA, 15613

County: Armstrong
Tax / Parcel ID Number
Authorized for: Apollo Borough
Description of Work: Office Alterations/Change of Use

Use Group: B
Type of Construction: IIIB
Occupant Load: 5
Sprinkler System: No

**This permit applies to the following:**

**Code Editions**

2015 IBC/IEBC
2009 ANSI
2018 IBC, Chapter 11

Construction and/or demolition must commence within 180 days of the above date or the permit will be considered expired and no refunds will be issued

This document does not include any zoning, site plan reviews, required setbacks, public works, PennDOT highway drives and approaches, flood plain issues, signage, or other State of Pennsylvania regulated permits.

FAILURE TO CALL FOR A FINAL INSPECTION COULD RESULT IN ADDITIONAL FEES AND PENALTIES

724-548-1414

BCO Grant Kanish

# BUREAU VERITAS NORTH AMERICA, INC.
## INSPECTION REPORT

Inspector: M. Ramirez Permit No: BUA 20-025

Municipality: Apollo Borough

Job Site: 809 N. Warren Ave

Type of Inspection: Temp Occupancy

Date of Inspection: 3-12-20 Pass:______ Fail:______

COMMENTS:

Temp occupancy (OK)

Good Until 4-30-20

Received By: [signature] [signature]

White-Inspector Yellow-Job Site Pink-Municipality

Apollo TOWNSHIP/BOROUGH
**MUNICIPAL PRIOR APPROVALS**

Parcel # 01-227-07-01-74
Lot # 719

**Applicant/Property Owner:** R. Scott and Janet L. Brunermer **Phone:** 724-624-2716

**Address:** 719 North Warren Avenue

**Contractor:** Self **Phone:**

**Address:**

☐ **Single Family Dwelling** ☐ **Multi-Family Dwelling** ☐ **Accessory Structure**

☐ **Addition** ☐ **Trailer** ☐ **Trailer Replacement** ☐ **Temporary Trailer**

☑ **Commercial Building** ☐ **Addition – Commercial Building**

**Description:** Mercantile **Size:** 2,850

**Construction Cost:** 10,000 **Plot Plan Attached?** Provided **Insurance Info. attached** Provided

**Location:** 719 North Warren Avenue, Apollo, Armstrong County, PA 15613

*I hereby certify that the proposed work is authorized by the owner of record and that I have been authorized to make this application as his authorized agent and we agree to conform to all applicable laws of this jurisdiction.*

**Signatur** R. Scott Brunermer / Janet L. Brunermer **Date:** 8-31-2020
D.A. Lowry ; Riverside Architecture 8-31-2020

**APPLICANT MUST HAVE TOWNSHIP, BOROUGH OR CITY COMPLETE THE FOLLOWING:**

**Site Located Within Flood Plain?** ______ **Zoning Type** ______

**Type of Sewage:** ______ **(Approval Attached)** **Not Applicable**

**Type of Water:** ______ **(Approval Attached)** **Not Applicable**

**Road Occupancy Permit:** ______ **(Approval Attached)** **Not Applicable**

**Stormwater Management:** ______ **(Approval Attached)** **Not Applicable**

**I hereby certify that this application is in compliance with all relevant ordinances of Township/Borough and therefore eligible for Municipal approval.**

**Date Approved/Issued:** ______

**Township/Borough Officer/Secretary:** ______

9/7/07

Apollo Borough TOWNSHIP/BOROUGH Parcel # 227.07-01-45
MUNICIPAL PRIOR APPROVALS Lot # ____

Applicant/Property Owner: Apollo Borough Phone: 724-478-4201

Address: 809 North Warren Avenue, Apollo Borough, PA 15613

Contractor: TBD (To be determined) Phone: TBD

Address: TBD

☐ Single Family Dwelling ☐ Multi-Family Dwelling ☐ Accessory Structure

☐ Addition ☐ Trailer ☐ Trailer Replacement ☐ Temporary Trailer

☑ Commercial Building ☐ Addition – Commercial Building

Description: Office alteration at 1st floor only Size: 5,051 S.F. (4 floors)

Construction Cost: $8,450 Plot Plan Attached? Yes Insurance Info. attached ____

Location: 809 North Warren Avenue, Apollo, PA 15613

*I hereby certify that the proposed work is authorized by the owner of record and that I have been authorized to make this application as his authorized agent and we agree to conform to all applicable laws of this jurisdiction.*

Signature: [signature] Date: 3-10-2020

David Hill, R.A. - Agent for Apollo Borough

**APPLICANT MUST HAVE TOWNSHIP, BOROUGH OR CITY COMPLETE THE FOLLOWING:**

Site Located Within Flood Plain? No Zoning Type B-T with TCO

Type of Sewage: Existing Public - N/A (Approval Attached) Not Applicable

Type of Water: Existing Public - N/A (Approval Attached) Not Applicable

Road Occupancy Permit: Existing Driveway - N/A (Approval Attached) Not Applicable

Stormwater Management: Existing under Parking - N/A (Approval Attached) Not Applicable

I hereby certify that this application is in compliance with all relevant ordinances of Township/Borough and therefore eligible for Municipal approval.

Date Approved/Issued: 3-10-20

Township/Borough Officer/Secretary: Donna Sharpe

9/7/07