**Murrysville Office**
Town Square Professional Building
Suite 304
3907 Old William Penn Highway
Murrysville, PA 15668
(724) 733-8832
James W. Creenan
Molly M. Creenan
Jake S. Oresick
Christopher J. Strem
Frank W. Jones (Of Counsel)
Charles R. Conway (Of Counsel)

# Creenan & Baczkowski, PC
ATTORNEYS

www.cbattorneys.com

**McKeesport Office**
City Hall Building
Suite 305
502 Fifth Avenue
McKeesport, PA 15132
(412) 675-0940

Walter F. Baczkowski (1942-2017)
Elizabeth Bailey (1920–2016)

EXHIBIT
11

Writer's Email:
joresick@cbattorneys.com

April 10, 2019

Janet and Scott Brunermer
514 Hoover Drive
Apollo, PA 15613

Re: *719 North Warren Avenue*
Our File No. 18767

Dear Janet and Scott:

Yesterday I met with Attorney Andreassi, Grant Kanish, Rick McMillen, Brenda Troupe, and Rich Kraft regarding your efforts to obtain the appropriate permits to open your business at 719 North Warren Avenue ("**the Property**"). Please note that my objective was to gather as much information as possible in furtherance of your goals, but no agreements were made, and I did not accept or reject any other party's representations.

First, Mr. Kanish indicated that you will need a Certificate of Occupancy issued by the state, which is entirely distinct from the Temporary Certificate of Use which the Borough issued on April 5, 2017. Mr. Kanish stated that the Property may already have a Certificate of Occupancy, and you should inquire with the Pennsylvania Department of Labor and Industry. For instructions regarding how to do so, consult the attachment titled "PA Certificate of Occupancy requirements."

If the Property has an existing Certificate of Occupancy, you "are golden," according to Mr. Kanish, and you may use the Property for any use authorized by the existing permit. If the Property's existing Certificate of Occupancy authorizes a use inconsistent with your plans (*e.g.*, assembly), you must apply for a Change of Use (see below).

However, if the Property does not have an existing Certificate of Occupancy, "the entire building must be drawn by an architect or engineer with a stamp," accordingly to Mr. Kanish. "This would also include a structural evaluation by an engineer." Once submitted, Bureau Veritas would "review the drawings and issue a permit for the entire building under the new use group."

Regarding Change of Use, those specific requirements will depend on your intended use. Thus, Bureau Veritas will not be able to identify those requirements until you submit a Change of Use application. Mr. Kraft indicated that if you seek a commercial, changes to the parking lot would likely be required (*e.g.*, at least one handicapped parking space).

Notably, Mr. Kanish stated that Borough approval was required for Bureau Veritas to consider the above-referenced applications, and the Borough would not provide such approval until you submit to a vacancy inspection. All other parties were in agreement on this issue. I represented that this would certainly be a problem for you, as you strongly disagree with the vacancy ordinance, and are prepared to defend yourself at the summary appeal hearing. Ms. Troupe then represented that even if you are acquitted of the summary vacancy charge, the Borough will still consider you non-compliant with the vacancy ordinance and refuse to approve your applications for Certificate of Occupancy and Change of Use permits.

Finally, Ms. Troupe noted that, irrespective of your intended use, Apollo Borough may impose additional parking requirements as outlined in Article 14 of the Zoning Ordinance. However, I believe the Property may be exempt from Article 14, and I will follow up with Ms. Troupe to seek a determination as to the basis of her belief.

Thank you for your attention to this matter, and please contact me at your convenience to discuss this further.

Very truly yours,

Jake Oresick

JSO/