**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JANET BRUNERMER and SCOTT BRUNERMER,

Plaintiffs,

v.

BOROUGH OF APOLLO;
BUREAU VERITAS NORTH AMERICA, INC.;
SCOTT ANDREASSI, individually;
CYNTHIA McDERMOTT, individually;
MARK TARLE, individually;
DEANNA SHUPE, individually;
BRENDA TROUP, individually'
RICHARD CRAFT, individually;
RODNEY SMAY, individually; and
GRANT KANISH, individually,

Defendants.

CONSOLIDATED
CIVIL ACTION NO. 2:21-CV-740-MRH

The Honorable Mark R. Hornak

This document relates to:
C.A. No. 2:21-cv-856-MRH

***Electronically Filed***

**BRIEF IN SUPPORT OF DEFENDANTS BUREAU VERITAS, GRANT KANISH, AND RODNEY SMAY'S MOTION TO DISMISS**

## I. INTRODUCTION

The Court instructed Plaintiffs to focus on the recent events of 2026 in their Third Amended Complaint because the facts as alleged up to the Second Amended Complaint were insufficient to state a claim. However, the Plaintiffs rehash several of the facts the Court has previously dismissed as a basis for claims.[1] This effort arises in the context of Plaintiffs' building has been permitted, twice in 2026 based on information they have provided and communications between the Plaintiffs and counsel for the Defendants. Curiously omitted from Plaintiffs' extensive list of exhibits is the actual permit packets for

[1] Defendants BVNA, Kanish, and Smay incorporate all arguments set forth in their Briefs in Support of the Motions to Dismiss the Complaint and Second Amended Complaint as if fully set forth herein to all facts before January 2026. (ECF 48, 128).

both the M/S-1 permit and M/F-1 permits provided to Plaintiffs. Plaintiffs fail to state a claim based on additional events in 2026 because a permit has been issued for the requested use of M/F-1 and Plaintiffs have refused to pay the legal fees required to move to the next phase of inspection and eventual issuing of the change of use and occupancy permits. Plaintiffs acknowledge that they have not paid the fee, claiming inadequate information to determine its validity. Accordingly, for the reasons more fully explained below, Plaintiffs have failed to state a claim and their Third Amended Complaint should be dismissed in its entirety.

## II. PROCEDURAL HISTORY

The Court is well versed in the procedural history of this matter which dates to 2021. Most recently, the Court entered an Order and Opinion granting the Defendants' Motions to Dismiss the Plaintiffs' Second Amended Complaint. (ECF 227, 228). The Court instructed Plaintiffs to file a short and plain statement for relief in their Third Amended Complaint. Plaintiff's Third Amended Complaint ("TAC") is 75 pages and 413 paragraphs long. (ECF 231). In the Third Amended Complaint, Plaintiffs bring the following claims against the moving Defendants: Count I, Procedural Due Process against Defendants BVNA, Kanish, and Smay; Count II, First Amendment and Petition Clause Retaliation against Defendants BVNA and Kanish; Count III, Class of One Equal Protection against Defendants BVNA and Kanish; Count V, Substantive Due Process against Defendants BVNA and Kanish, Count VIII, Entity Liability against Defendant BVNA; and Count IX, Civil Conspiracy against Defendant Kanish. The Third Amended Complaint still runs afoul of Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief can be

granted. Accordingly, Defendants BVNA, Kanish, and Smay respectfully request this Honorable Court grant their Motion to Dismiss the Third Amended Complaint.

## III. STATEMENT OF FACTS

On January 20, 2026, Plaintiffs submitted a Permit Application to Apollo Borough. TAC, ¶ 162 (ECF 231); 3.9.26 Permit Package, p. 1, attached as Exhibit A. Brenda Troup signed off on the Municipal Prior Approval Form on January 28, 2026. 3.9.26 Permit Package, p. 4. On February 12, 2026, Counsel for Defendants BVNA and Kanish sent a letter containing the documents considered to be the January 20, 2026 application and specific requests for additional information to clarify aspects of the application to qualify for a M/F-1 use. TAC, ¶ 167, 168; Feb. 12, 2026 Correspondence and attachments, attached as Exhibit B. Plaintiffs responded that evening with some of the information. TAC, ¶ 168; Plaintiffs' 2.12.26 Response, attached as Exhibit C. Defendants BVNA and Kanish exchanged several other communications between February 12, 2026, and the Brunermers were advised that a permit was issued for the use of M/S-1 based upon the information provided to date that the lower floor was primarily to be used for storage for supplies. *See* Feb. 18, 2026 Correspondence to Brunermers, attached as Exhibit D; March 5, 2026 Correspondence, attached as Exhibit E.[2]

At the request of Plaintiffs, the documents related to the M/S-1 package were delivered to Apollo Borough's office. On March 5, 2026, Scott Brunermer went to Apollo Borough's office and demanded to see the permit documentation without paying the

[2] If the Court would like these additional Communications, Defendants would provide all the correspondence between Defendant BVNA and the Brunermers for the permitting process.

required fee. TAC, ¶ 173. Scott was allowed to eventually see the packet, but informed he could not take the documents with him without remitting payment. TAC, ¶ 173.

After exchanging several more communications, Plaintiffs provided sufficient information to change the permit to M/F-1, which was reissued to Plaintiffs on March, 19, 2026. TAC, ¶ 177; 3.20.26 Permit Package, attached as Exhibit F. The March 20, 2026 correspondence included the entire permit package, including the Permit. 3.20.26 Permit Package, p. 30. Plaintiffs have not paid for the permit to move to the next phase of inspection to complete the permitting process. TAC, ¶¶ 172, 182.

## IV. STANDARD OF REVIEW

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate only if the complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 570 (2007)). The Court accepts well-pleaded facts as true but disregards legal conclusions. *Iqbal*, 556 U.S. at 678; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). And then determines whether those well-pleaded facts are sufficient to show that the plaintiff has a plausible claim for relief. *Fowler*, 578 at 211 (cleaned up). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Reciting elements of a claim, "supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555).

In addition to the complaint, the Court may consider and any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp.*

*Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted); *see also Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d. Cir. 2006) (citation omitted). In considering external yet undisputedly relevant and authentic documents, the court need not convert the motion to dismiss into a motion for summary judgment. *Panthera Rail Car LLC v. Kasgro Rail Corp.,* 985 F. Supp. 2d 677, 683 (W.D. Pa. 2013) (*citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d. Cir. 1997)).

## V. ARGUMENT

### a. Plaintiffs cannot state a claim because the permit has been issued.

First and most importantly, the requested permit was issued to Plaintiffs on March 19, 2026. It is available and ready for pick up at the requested location. Defendants BVNA, Kanish, and Smay cannot do anything further with the application until Plaintiffs pay the required fee and schedule an inspection. Pennsylvania law governs the issuance of permits. 34 Pa. Code 401.1, *et seq.* Plaintiffs fail to set forth a cause of action under any of their theories because Defendants BVNA, Kanish, and Smay have approved their most recent permit application. Plaintiffs have not been deprived of any right through their 2026 permit application and cannot allege well-pleaded facts to support any such claim. Accordingly, Defendants respectfully request this Honorable Court to dismiss Plaintiffs' Third Amended Complaint with prejudice.

### b. Defendants Kanish and Smay are entitled to qualified immunity.

"Qualified immunity shields government actors from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Zaloga v. Borough of Moosic*, 841 F.3d 170, 174 (3d Cir. 2016) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether

qualified immunity applies, we ask "(1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the official's conduct." *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016) (citation omitted). A right is "clearly established" when "every reasonable official would have understood that what he is doing violates that right." *Zaloga,* 841 F.3d at 175 (*quoting Reichle v. Howards*, 566 U.S. 658, 664 (2012)). That is to say, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. (*quoting Reichle*, 566 U.S. at 664).

As discussed more fully below, Plaintiffs fail to allege a plausible constitutional violation against Defendants Kanish and Smay. Plaintiffs' allegations regarding Defendant Smay are based on his approval of drawings, rather than conduct violative of a constitutional right, much less one that is clearly established. Similarly, Plaintiffs' allegations against Defendant Kanish are based on alleged delays through the use of the Municipal Prior Approval Form. Building code officials are authorized to enforce applicable Pennsylvania law, which includes discretion relating to the manner and type of documents required for commercial projects. 42 Pa. Code §§ 403.42, 403.42a, 403.43. Plaintiffs fail to allege any facts that show the prior Municipal Approval Form was illegal under Pennsylvania law or point to any precedent that requiring sign off by a municipality violates a clearly established right. Accordingly, Defendants Kanish and Smay are entitled to qualified immunity and should be dismissed from this matter with prejudice.

**c. Plaintiffs fail to state a procedural due process claim against Defendants BVNA, Kanish, and Smay.**

"In order to establish a procedural due process violation, the plaintiff must show that 'the state procedure for challenging the deprivation does not satisfy the requirements

of procedural due process.'" *Giuliani v. Springfield Twp.*, 726 F. App'x 118, 122 (3d Cir. 2018). To establish a prima facie case of a procedural due process violation, a plaintiff must show: (1) there has been a deprivation of the plaintiff's liberty or property, and (2) the procedures used by the government to remedy the deprivation were constitutionally inadequate. *See Mulholland v. Gov't of Cnty. of Berks*, No. 10-5616, 2012 WL 1057446, at *8 (E.D. Pa. Mar. 29, 2012), *aff'd*, 706 F.3d 227 (3d Cir. 2013). The core element of a procedural due process claim is the adequacy of the remedial procedure, and not on the government's actions that allegedly deprived the individual's rights. *Giuliani*, 726 F. App'x at 122. "A state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." *Id.*

In land use disputes, state and municipal officials are constitutionally obliged to offer a means by which individuals may challenge zoning restrictions and other adverse land use decisions. *Giuliani*, 238 F. Supp. 3d at 690. The Pennsylvania Municipalities Planning Code, 53 P.S. § 10101, *et seq.*, establishes the process by which a person facing an adverse land use decision may challenge that decision. The Code establishes the administrative review process for decisions by zoning officers or municipal engineers, applications for variances, or applications for special exceptions under the zoning ordinances. 53 P.S. § 10909.1. The Code provides the exclusive mode for securing review of land use decisions and requires appeals from land use decisions be taken to the Court of Common Pleas of the judicial district where the land is located. 53 P.S. § 11001-A; 53 P.S. §11002-A. The Third Circuit has recognized that the Pennsylvania Municipalities Planning Code provides constitutionally adequate means for those

aggrieved by a land use decision to challenge the action in administrative and judicial proceedings. *Giuliani*, 238 F. Supp. 3d at 690.

The often-repeated theme of Plaintiffs' claims is that invariably the process has stalled not because of any failure on their part but because the Defendants failed to provide clarity, issue written final decisions or otherwise present adequate paperwork that they could analyze, accept or challenge. *See* TAC, ¶ 70 ("No actor issued the final decision needed to permit compliance or review.), ¶ 83 (In August 2019, "Kanish returned Plaintiffs' application and $90 check, listing the unsigned MPAF, drawings, checklist, occupancy certificate, construction date, and policy materials, but issued no final denial, appeal notice, or approved or denied MPAF."); ¶ 93 ("BVNA issued no final permit decision…"); ¶ 129 ("Apollo and BVNA possessed enough information to block use of the property but did not assemble that information into a final determination Plaintiffs could understand and appeal."); ¶ 149 (in September 2023, "Apollo still issued no final zoning decision, and BVNA issued no final permit decision based on an identified parking rule."); ¶ 175 (in March 2026, "BVNA identified no written extension, timely incompleteness notice, or code-cited denial of the January M/F-1 submission."); ¶ 180 ("In June 2026…BVNA did not identify whether the invoice concerned M/S-1, M/F-1, or an amended BVA26-040."); ¶ 182 ("Plaintiffs did not refuse a lawful fee; they requested the public fee schedule, an itemized basis, and identification of the permit and reviewed documents payment would activate.").

Plaintiffs contend that a procedural due process violation exists "because "the unresolved governmental action was BVNA's failure to identify one controlling permit, reviewed drawing set, classification, conditions, and appealable Building Code Official

disposition." TAC, ¶ 205. Plaintiffs fail to state a viable procedural due process claim. Delay or denial caused by an applicant's failure to submit required documents or fees is not actionable. See *Flanders v. Ford City Borough Council*, 986 A.2d 964, 970 (Pa. Cmwlth. 2009). And when applicants have satisfied the requirements for a permit or other approval, and claim that officials failed to follow through with approval or processing, they have an adequate remedy under Pennsylvania law. *Halchak v. Dorrance Twp. Bd. of Supervisors*, 646 F. Supp. 3d 571, 598 (M.D. Pa. 2022) (reviewing and applying principle that there is no due process violation when judicial review through mandamus relief in state court is available).

Dismissal under Rule 12(b)(6) is appropriate for this reason. In *Harr v. Washington Area Humane Society*, the plaintiff's allegation "that she was unable to appeal the denial of her occupancy permit since no written denial was issued" failed to state a plausible claim because of available state court remedies. Civ. A. No. 21-1560, 2024 WL 4064140, at *4-5 (W.D. Pa. Sept. 5, 2024) (reviewing cases and rejecting procedural due process claim due to availability of mandamus action under Pennsylvania law). Here, Plaintiffs allege that Defendants had a duty to act (approve) but failed to do so. *Id.*; *see also LXR RS V, LLC v. Municipality of Norristown*, Case No. 2:19-cv-01397-JDW, 2019 WL 4930157 at *5 (E.D. Pa. Oct. 7, 2019) (*citing All State Signz Co. v. Burgettstown Borough*, 154 A.3d 416, 420 (Pa. Cmwlth. 2017); *Gibraltar Rock, Inc. v. New Hannover Twp. Zoning Hearing Bd.*, 68 A.3d 1012, 1018 (Pa. Cmwlth. 2013)).

As Plaintiffs acknowledge, there is an appeals process available for a dissatisfaction with a zoning or use process within Pennsylvania. To be sure, the factual context indicates Plaintiffs lack a good reason to appeal since Defendant Smay approved

the drawings for the M/F-1 permit and BVNA and Kanish have issued the M/F-1 permit. Defendants BVNA and Kanish have provided a complete permit package for the M/F-1 documents and advised that the operative drawings are with the permit at Apollo's municipal office awaiting only Plaintiffs' payment of the applicable fee and scheduling of an inspection. However, if Plaintiffs reasonably believe that Defendants failed to provide the required specificity for the invoice or the process, there exists an adequate remedy in state court. Yet, Plaintiffs have elected to not pay the required fees to complete the permitting process or to seek relief from the alleged failure to perform mandatory or ministerial duties. Accordingly, Plaintiffs fail to allege a procedural due process claim and Count I should be dismissed as to Defendants BVNA, Kanish, and Smay.

**d. Plaintiffs fail to state a claim of First Amendment and Petition Clause Retaliation against Defendants BVNA and Kanish.**

First Amendment retaliation claims are analyzed under a three-part test. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004). The plaintiff must show: (1) that he engaged in constitutionally protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation. *Eichenlaub*, 385 F.3d at 282. The threshold requirement is that the plaintiff identify the protected activity that allegedly spurred the retaliation. *Id*. A private citizen's speech regarding during a public meeting is generally protected under the First Amendment. *Id*. at 285.

Plaintiffs have failed to state a claim of First Amendment retaliation against Defendants BVNA and Kanish. As stated, the requested permit has been issued to Plaintiffs. Defendants BVNA and Kanish promptly responded to Plaintiffs' January 2026 and engaged in significant discussion regarding the application between receiving the

application and the issuance of the requested permit. The permit has been sitting at Apollo Borough offices awaiting payment and inspection since March 2026. Plaintiffs do not allege facts to establish a causal connection between protected speech and their complaints of delays or obstacles in the process. Allegations that Defendant Kanish expressed frustration with the project and the Plaintiffs does not create a First Amendment retaliation claim, especially when the requested permit was issued in a timely fashion. Accordingly, Defendants BVNA and Kanish respectfully request that Count II be dismissed with prejudice.

**e. Plaintiffs fail to state a class of one Equal Protection Claim against Defendants BVNA and Kanish.**

An Equal Protection claim is not a device to dilute the stringent requirements needed to show a substantive due process violation. *Eichenlaub*, 385 F.3d at 287. To substantiate this claim, Plaintiffs must show that differential treatment stems from racial or other invidious forms of discrimination, or from an effort to burden fundamental rights. *Eichenlaub*, 385 F.3d at 286. A “class of one” theory may be used in cases of differential treatment that is “irrational and wholly arbitrary.” *Id*. (*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)).

A class of one plaintiff must allege facts showing that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. *Giuliani v. Springfield Twp.*, 238 F. Supp. 3d 670, 690 (E.D. Pa. 2017), *aff’d*, 726 F. App’x 118 (3d Cir. 2018). These claims fail when there is any reasonably conceivable set of facts that could provide a rational basis for classification. *Id*. at 701. “Irrational and wholly arbitrary” is difficult for a plaintiff to meet in land use disputes. *Village of Willowbrook*, 528 U.S. at 565-66.

Alternatively, Plaintiffs must show that they have been singled out for adverse treatment based on considerations wholly divorced from any legitimate government concern. *Id.* at 565.

The first inquiry is whether the complaining party is similarly situated to other uses that are either permitted as of right or by special permit, in a certain zone. *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 137 (3d Cir. 2002). The party asserting the violation has the burden of demonstrating that other individuals are alike in all relevant aspects and treated differently by the defendants. *Giuliani*, 238 F. Supp. 3d at 702. Differences in important characteristics render the comparison inutile. *Id*. at 704.

Plaintiffs fail to state a claim under the class of one theory. They do not allege facts to show that alleged comparators were similarly situated to other uses and that they are alike in all relevant aspects. The 439 Washington Street project is in Parker, Pennsylvania (TAC, ¶ 135), subject to different local ordinances and municipal rules. Further, Plaintiffs do not allege that this project was not required to complete a Prior Municipal Approval Form as part of its change of use permit process. Similarly, Earthbound Apothecary is in Kittanning, Pennsylvania, not Apollo Borough. TAC, ¶ 136. Again, Plaintiffs do not allege that Earthbound was not required to obtain a Municipal Prior Approval Form. Further, Plaintiffs do not allege that Davis Lawnmower Repair required a change of use permit. In sum, Plaintiffs fail to substantiate why the named comparators are similarly situated as to the municipal requirements and were treated more favorably. See *Child's Health Def., Inc. v. Rutgers*, 93 F.4th 66, 85 (3d Cir. 2024). Again, Plaintiffs' 2026 permit application was granted and the permit was issued. Therefore, Plaintiffs have failed to allege a

plausible Equal Protection claim and Defendants respectfully request this Honorable Court dismiss Count III with prejudice.

**f. Plaintiffs fail to state a claim of substantive due process against Defendants BVNA and Kanish.**

A claim that a municipality violated substantive due process rights by enforcing an invalid zoning plan or ordinance in violation of state law is not a due process violation. *Giuliani*, 238 F. Supp. at 700 (internal citations omitted). Whether a zoning official's actions, or inactions, violate due process is determined by a "shocks the conscience" test. *Eichenlaub*, 385 F.3d at 285; *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (holding that the "shocks the conscience" standard is to be used in land-use cases). Only the most egregious official conduct "shocks the conscience." *Id*.

In *Eichenlaub*, the plaintiffs asserted that the zoning officials applied subdivision requirements to their property that were not applied to other parcels; that the officials pursued unannounced and unnecessary inspections and enforcement actions; officials delayed certain permits and approvals; officials improperly increased tax assessments; and officials maligned and muzzled the plaintiffs. *Id*. at 286. The Third Circuit found that these allegations did not "shock the conscience." *Id*. Stalling, unannounced or unnecessary inspections of property, delay, citations, and failure to notify about meetings do not rise to the level of the "most egregious" official conduct. *Drummond v. Twp. of Robinson*, 784 F. App'x 82, 84 (3d Cir. 2019); *Giuliani*, 238 F. Supp. 3d at 699; *see also Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 144-145 (3d Cir. 2014) (holding that unfair application of zoning requirements, the pursuit of unnecessary enforcement actions, and delay of permits and approvals does not shock the conscience). Alleging that actions were taken out of spite, revenge or in bad faith are

insufficient. *Giuliani v. Springfield Twp.*, 726 F. App'x 118, 123 (3d Cir. 2018); *LXR RS V, LLC*, 2019 WL 4930157 at *5.

The Third Circuit held that corruption or self-dealing, such as hampering development to interfere with otherwise constitutionally protected activity at the project site, or because of bias against an ethnic group could shock the conscience. *Eichenlaub*, 385 F.3d at 286. However,

> [e]very appeal by a disappointed developer from an adverse ruling of the local planning board involves some claim of abuse of legal authority, but "it is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under section 1983.

*Id*. (citing *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003)). Since *Eichenlaub*, courts have continued to find challenged behavior not to be conscience-shocking absent a showing that the conduct is permeated with self-dealing or corruption. *Giuliani*, 238 F. Supp. 3d at 690. "The politics and animosities that often animate local decision-making are not matters of constitutional concern." *Maple Props., Inc. v. Twp. of Upper Providence*, 151 F. App'x 174, 179-80 (3d Cir. 2005).

Plaintiffs failed to allege a plausible substantive due process claim. They have been required to complete paperwork, provide sufficient information to substantiate their proposed use, and a permit has been issued. No well-pleaded allegations regarding about Defendants BVNA and Kanish's behavior approaches the shocks the conscience standard. Accordingly, Defendants respectfully request this Honorable Court dismiss Count V with prejudice.

**g. Plaintiffs fail to state a claim of Entity Liability against BVNA.**

Neither § 1983 nor *Monell* provide any substantive rights for standalone claims. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) (stating that "Section 1983 is not a source of substantive rights," but is only a means through which "to vindicate violations of federal law committed by state actors."); *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) (stating that "*Monell* does not create a stand-alone cause of action under which a plaintiff may sue over a governmental policy….").

To prove the existence of a municipal policy or custom, Plaintiffs must establish: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell,* 436 U.S. at 690; *G.S. v. Penn Trafford Sch. Dist.,* No. 20-3281, 2023 WL 4486667 (3d Cir. 2023); (2) that an official or officials responsible for establishing formal policy with respect to the subject matter in question took action or made a deliberate, specific decision that caused the alleged violation of plaintiffs constitutional rights, *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483-84 (1986) (*citing Oklahoma City* v. *Tuttle,* 471 U.S. 808, 823 (1985)); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled as to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127-30 (1988); or (4) if liability is based on a claim of failure to train or supervise, that "the failure to train amounts to deliberate indifference to the rights of persons with whom ... [municipal employees] come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *accord Kelly v. Borough of Carlisle,* 622 F.3d 248, 264 (3d Cir. 2010) (subordinate's decisions can only establish

policy "if a municipal policymaker delegated power to the employee or ratified his decision").

The plaintiff must also "show there was a 'direct causal link' between the municipal decision at issue and the constitutional or statutory violation for which redress is sought." *Ickes v. Borough of Bedford,* 807 F. Supp. 2d 306, 325-26 (W.D. Pa. 2011) (*quoting Bd. of County Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 404 (1997)). Causation exists for purposes of *Monell* where the connection between the policy and injury is so strong that it would be a plainly obvious consequence. *Bryan Cnty.,* 520 U.S. at 411.

As explained above, Plaintiffs fail to state an underlying constitutional violation. Defendants BVNA and Kanish have the statutory authority to require specific forms to complete the permitting process to ensure compliance with state and local laws and regulations. Once Defendants BVNA and Kanish had the correct and sufficient information to allow for permitting for the M/F-1 permit, it was issued. It is now Plaintiffs decision not to pay the required fee and allow inspection to complete the process and allow them to use the property for the desired use. There is no policy or custom that leads to or inflicts a Constitutional injury. Plaintiffs fail to allege a plausible claim under Section 1983. Accordingly, Count VIII should be dismissed with prejudice.

**h. Plaintiffs fails to state a claim of Civil Conspiracy against Kanish.**

"To prevail on a conspiracy claim under §1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale,* 904 F.3d 280, 293-94 (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)). But a claim for civil conspiracy "must be based upon an independent underlying civil cause of action." *Bro-Tech Corp. v.*

*Thermax, Inc.*, 651 F. Supp. 2d 378, 418 (E.D. Pa. 2009); *Miller v. Amazon.com Servs., Inc.*, 543 F. Supp. 3d 80, 89 (E.D. Pa. 2021) (the "predicate to a civil conspiracy claim is the presence of an underlying tort"). Thus, when a district court determined that a plaintiff could not succeed on her underlying constitutional claims, "it correctly determined that she could not succeed on her conspiracy claims." *Black v. Montgomery Cnty.*, 835 F.3d 358, 372 n.14 (3d Cir. 2016). Similarly, Pennsylvania courts recognize that "[n]o civil cause of action for conspiracy can exist unless the conduct that was the subject of the conspiracy is actionable." *Morley v. Farnese*, 178 A.3d 910, 919 (Pa. Cmwlth. 2018), *appeal denied*, 190 A.3d 1131 (Table) (Pa. 2018).

Plaintiffs fail to plausibly allege an agreement to violate their constitutional rights. While communication and interplay between the Defendants is always necessary during the permitting process, there are no allegations substantiating or explaining how, when or why a conspiracy with an unconstitutional purpose came into existence. *Great W. Mining & Mineral Co. v. Fox Rothschild*, LLP, 615 F.3d 159, 179 (3d Cir. 2010). As this Court previously determined, the well-pleaded factual allegations do not support a reasonable inference of an unlawful conspiracy. Moreover, actions taken before and during 2026 fail to substantiate an underlying Constitutional violation. Presently, the M/F-1 permit has been issued, and the entire permit package has been provided to Plaintiffs, except for the drawings, which they have already seen, and all the documents have been delivered to the location of their choosing. Accordingly, Plaintiffs have failed to allege a conspiracy to violate their civil rights and Count IX should be dismissed as to Defendant Kanish with prejudice.

## VI. CONCLUSION

Defendants BVNA, Kanish, and Smay have endured years of refusal by the Plaintiffs to provide adequate information and complete the same permitting process every other property owner has been able to complete with ease. When that information was finally supplied, the permit was issued within several weeks of submission of the application. A complete permit package has been provided to the Plaintiffs and was delivered to the Apollo Borough municipal building. It has been awaiting payment by Plaintiffs for five months. It will become invalid and the process will have to be restarted on September 2, 2026. The delays are not attributable to actions by the moving Defendants, and do not give rise to any plausible claims for relief. Defendants respectfully request this Honorable Court to dismiss each claim against Defendants BVNA, Kanish, and Smay with prejudice.

CAMPBELL DURRANT, P.C.

By: s/ Brian P. Gabriel

Brian P. Gabriel (PA 73132)
bgabriel@cdblaw.com
Direct Dial: (412) 395-1267
Allison N. Genard (PA 311253)
agenard@cdblaw.com
Direct Dial (412) 395-1279
535 Smithfield Street, Suite 700
Pittsburgh, PA 15222
(412) 395-1280 (Telephone)
(412) 395-1291 (Facsimile)

*Counsel for Defendants, Bureau Veritas North America, Inc., Grant Kanish and Rodney Smay*

Dated: August 20, 2026

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on August 20, 2026, a copy of the foregoing *Brief in Support of Motion to Dismiss Plaintiff's Third Amended Complaint* was filed electronically. Notice of this filing will be sent to the parties and/or counsel through the Court's Electronic Case Filing System, who may may access this filing through the Court's system..

CAMPBELL DURRANT, P.C.

By: s/ Brian P. Gabriel
Brian P. Gabriel

4924-8230-4712, v. 2