**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANET BRUNERMER and SCOTT BRUNERMER, | ) | CIVIL DIVISION |
| | ) | |
| | ) | No: 2:21-cv-740 |
| Plaintiffs, | ) | |
| | ) | US Chief District Judge Mark R. Hornak |
| v. | ) | |
| | ) | |
| BOROUGH OF APOLLO, *et al.*, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**APOLLO BOROUGH DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT [ECF 231] PURSUANT TO Fed. R. Civ. P. 12(b)(6)**

AND NOW, come Defendants, BOROUGH OF APOLLO, CYNTHIA MCDERMOTT, MARK TARLE, DEANNE SHUPE, BRENDA TROUP, RICHARD CRAFT and SCOTT ANDREASSI (collectively, "Apollo Borough Defendants"), by and through their counsel, MARSHALL DENNEHEY, P.C. and TERESA O. SIRIANNI, ESQUIRE, and file the within MOTION PURSUANT TO Fed. R. Civ. P. 12(b)(6) TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT [ECF 231]:

1. The Apollo Borough Defendants respectfully move to dismiss all 10 counts of Plaintiffs' Third Amended Complaint ("TAC") pursuant to Fed. R. Civ. P. 12(b)(6) because all ten claims fail as a matter of law.

**RELEVANT FACTUAL BACKGROUND/PROCEDURAL HISTORY**

2. Although Plaintiffs' TAC is more than 75 pages long and includes allegations of events dating back to at least 2017, consistent with this Court's Opinion dated July 9, 2026 ordering Plaintiffs' to limit their TAC to the "current state of affairs," [*see* ECF 227 at 17]. the Apollo

Borough Defendants only summarize Plaintiffs' alleged facts beginning in 2026, particularly those arising from the 2026 permitting process relative to them only.

3. Plaintiffs restarted the application process to change the use and occupancy of their property at 719 North Warren Avenue (the "Property") following the January 14, 2026 Court Mandated Conference, as directed by the Court. *See* TAC at ¶ 162. On January 20, 2026, Plaintiffs delivered the completed packet of documents to the Borough. On January 28, 2026, the Borough approved the application. On January 29, 2026, the documents were provided to Bureau Veritas for the Plan Review Process. *See* TAC at ¶¶ 162-166, 173, 179. As to any further facts involving the Borough Defendants in 2026, Plaintiffs refer to court filings at ECF 213-216 which speak for themselves. As Plaintiffs allege at Paragraph 179, the handwritten notation of "[p]roduction appurtenant to primary retail use" on Plaintiffs' application did not affect the approval of Plaintiffs' application. *See* TAC at ¶ 179.

## <u>REASONS FOR DISMISSAL</u>

### A. Failure to Comply with Fed. R. Civ. P. 8

4. As an initial matter, the TAC should de dismissed in its entirety with prejudice because the TAC fails to comply with Fed. R. Civ. P. 8. In granting Plaintiffs a final chance to amend their complaint, this Court warned Plaintiffs to adhere to and respect Rule 8 of the Federal Rules of Civil Procedure, in particular Rule 8(a)(2), which provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This Court additionally requested that Plaintiffs limit the TAC to the current state of affairs. [*See* ECF 227 at 17].

5. The TAC is 75 pages long, contains 413 plus paragraphs, and recounts the entire history of the nearly decade-long history of events in the first 33 pages.

6. Plaintiffs convolute the claims with references to parties that were already dismissed with prejudice and details events outside the scope as permitted by this Court to provide "background" and "context," and while providing little to no support of the claims pled.

7. Moreover, and despite Plaintiffs' statements made concerning the untimely allegations throughout their TAC, it appears that Plaintiffs do intend to utilize all of their factual allegations dating back to 2017 as a source of causation to their causes of action.

8. Accordingly, Plaintiffs' entire TAC should be dismissed with prejudice on this basis alone.

**B. Ripeness**

9. Notwithstanding the TAC's failure to comply with pleading requirements in Fed. R. Civ. P. 8, Counts I-IX of the TAC fail because these claims are not ripe.

10. Counts I-IX allege constitutional claims under 42 U.S.C. § 1983. All of these claims concern Plaintiffs' interactions with the Apollo Borough Defendants during the zoning permitting process for their Property.

11. Constitutional challenges under § 1983 arising from challenges to zoning and land use decisions are not ripe until "the agency charged with implementing the applicable zoning ordinance has reached a final decision on the nature and extent of the impact of the zoning ordinance on a plaintiff's property." *Holland Transp., Inc. v. Twp. of Upper Chichester*, No. 00-397, 2002 U.S. Dist. LEXIS 23420, *20 (E.D. Pa. Oct. 23, 2002).

12. Unripe claims should be dismissed at this stage. *See Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir. 1993) ("Because ripeness affects justiciability, we believe that unripe claims should ordinarily be disposed of on a motion to dismiss, not summary judgment.").

13. Counts I-VII are not ripe for adjudication and thus should be dismissed because the Zoning Hearing Board has not rendered a final decision on those challenges. And, Counts VIII and IX are derivative of several other of the § 1983 claims. Accordingly, these claims are also not ripe if Counts I-VII are not ripe.

14. Furthermore, Count IV (the Void for Vagueness claim concerning the permitting process being confusing) is also not ripe and is premature because Pennsylvania's Municipalities Planning Code (MPC) and the Apollo Zoning Ordinance provide that "[t]he zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in . . .[s]ubstantive challenges to the validity of any land use ordinance[.]" 53 P.S. § 10909.1(a)(1) and Apollo Zoning Ordinance § 803 (1)(A). Plaintiffs do not allege that they have submitted their substantive challenge to Ordinance 282-21 to the Zoning Hearing Board or requested a curative amendment, so Count IV is not ripe and should be dismissed.

**C. The Individual Apollo Borough Defendants are Entitled to Qualified Immunity**

15. Defendants Andreassi, McDermott, Tarle, Shupe, Troup, and Craft should be immediately dismissed from this case because they are entitled to qualified immunity.

16. The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[T]his immunity is broad in scope and protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007) (citation omitted). As a general rule, the issue of whether an official is entitled to qualified immunity should be determined prior to trial, as the purpose of qualified immunity is to protect officials and public employees from undergoing the burdens of litigation. *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985).

17. As more fully discussed in the accompanying Brief in Support of this Motion which the Apollo Borough Defendants incorporate herein, Plaintiffs have not alleged facts supporting a violation of a clearly established constitutional right on the part of the individual Defendants. Therefore, these Individual Defendants should be granted qualified immunity and dismissed as Defendants in this case with prejudice.

**D. The Individual Apollo Borough Defendants Must Be Dismissed From Suit in their Individual Capacities as to Counts I-IX**

18. The TAC still asserts individual capacity claims against each individually named Defendant, but still contains little to no allegations against these individuals such that each is deprived of notice of the manner in which he or she is alleged to have acted in violating Plaintiffs' rights.

19. It is well established than an individual government defendant in a civil rights action "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. [] Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted).

20. No facts are pled in the TAC to establish that the individual Defendants acted with intention to violate any of Plaintiffs' civil rights. Further, Plaintiffs' TAC fails to inform the Individual Defendant or the Court of what specific actions of the defendant is at issue, or by what circumstances it could be established that the Defendant's conduct violated any of Plaintiffs' rights. Therefore, Counts I-IX of the TAC should be dismissed with prejudice as to the Individual Apollo Borough Defendants.

**E. Plaintiffs Fail to Adequately Plead a *Monell* Claim Against the Borough of Apollo**

21. A Borough can only be liable under § 1983 for the actions of its employees if a plaintiff can establish that the employees violated their civil rights as a result of the Borough's policies or customs. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 660 (1978).

22. In Count VIII of their TAC, titled "Entity Liability under 42 U.S.C. § 1983, Policy, Custom, Final-Policymaker Action, Delegation, Ratification, and Deliberate Indifference," Plaintiffs' argue that the Borough's "final policymakers affirmatively created, maintained, and ratified an unwritten policy and custom of using fragmented, nonfinal record administration to block the commercial use of property while evading federal judicial review." TAC at ¶ 371. However, Plaintiffs fail to identify a policy or custom of the Borough that has led to a violation of their civil rights. Their allegations describe, at most, an isolated dispute concerning Plaintiffs' own permit application and allegations that officials acted improperly as to their permit application. Plaintiffs point to their own permitting disputes as evidence of the Borough's alleged customs or policies which allegedly violated their civil rights. Plaintiffs do not identify any other property owner subjected to the "fragmented, nonfinal record administration" they allege. They have not shown a practice "so widespread as to have the force of law" to fall under a custom, and they have not identified any "official proclamation, policy, or edict" enacted by an official possessing final policymaking authority.

23. The same applies to Plaintiffs' § 1983 claims brought in Counts I-IX. Without such identification of any alleged policies or customs, all of Plaintiffs' Section 1983 claims in Counts I-IX against the Borough and, at least Count VIII, should be dismissed with prejudice.

**F. Plaintiffs' Claims are Barred by the Statute of Limitations**

24. The statute of limitations for § 1983 claims is two years. *Lake v. Arnold*, 232 F.3d 360, 368-69 (3d Cir. 2000). Counts I-IX of Plaintiffs' TAC raise § 1983 claims.

25. In each of these Counts at the very first paragraph, Plaintiffs incorporate into the count multiple sections of their alleged facts. The majority of these alleged facts occurred well outside of two years and/or possibly constitute discrete acts that triggered the two-year statute of limitations to bring a claim. Specifically at Count II of the TAC, Plaintiffs raise First Amendment and Petition-Clause Retaliation claims against individual Defendants Troup, Shupe, McDermott, Andreassi, and Tarle, alleging "retaliatory" conduct between 2018 and 2021.

26. Accordingly, at a minimum, Count II should be dismissed with prejudice as barred by the applicable statute of limitations to bring § 1983 claims. Counts I and III-IX should also be dismissed with prejudice to the extent they are also brought outside of the two-year statute of limitations and/or are based on alleged events that started the clock ticking to bring a claim.

**G. Plaintiffs' Claims, Alternatively, Fail as a Matter of Law Under Fed. R. Civ. P. 12(b)(6)**

27. Should the Court find that Plaintiffs' claims are ripe and can move forward despite all of the barriers raised herein above, Defendants also move to dismiss Plaintiffs' substantive claims raised in Counts I-X in their entirety for the reasons more fully articulated below and in the accompanying Brief in Support of this Motion filed herewith and incorporated herein.

**i. Counts I and V (procedural and substantive due process § 1983 claims)**

28. Counts I and V should be dismissed because they fail to allege a *prima facie* case for either claim under § 1983.

29. As more fully discussed in the Brief in Support of this Motion filed herewith and incorporated herein, Plaintiffs have not adequately pled a deprivation of a property or liberty

interest. As such, they have not pleaded an essential element of their claims. Therefore, Counts I and V should be dismissed.

30. Additionally, Plaintiffs have not availed themselves of the available procedural remedies as outlined in 53 P.S. § 10909.1(a)(3) and Apollo Zoning Ordinance § 803 (1)(C), which further dooms his procedural due process claim in Count I. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."). Count I should also be dismissed for this reason.

**ii. Count II (First Amendment retaliation § 1983 claim)**

31. Plaintiffs bring First Amendment and Petition-Clause Retaliation claims against Troup and the Borough, vaguely alleging that they engaged in "protected speech and petitioning." Plaintiffs fail to plead facts supporting the requisite retaliatory action or a causal link between the protected conduct and the retaliatory action. Stated differently, and as more fully articulated in the Brief in Support of this Motion filed herewith and incorporated herein, Plaintiffs failed to plead two out of the three essential elements needed to make out a First Amendment retaliation claim. *See Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (to make out a First Amendment retaliation, "a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.").

**iii. Count III (class-of-one Equal Protection § 1983 claim)**

32. This Honorable Court specifically instructed Plaintiffs to plead facts showing they were similarly situated to their proposed comparators in all relevant respects. Indeed, a class-of-

one protection claim requires a plaintiff to show that "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." *Thomas v. Coopersmith*, 663 F. App'x 120, 123 (3d Cir. 2016). "[T]he failure to identify similarly situated persons dooms an equal-protection claim." *Stradford v. Sec.'y Pa. Dep't of Corr.*, 53 F.4th 67, 74 (3d Cir. 2022). And, it is black letter law in this Circuit that the comparator alleged must be similar to plaintiff in "all relevant respects." *Wilcher v. Postmaster General*, 441 Fed. App'x 879, 882 (3d Cir. 2011).

33. Despite this instruction, Plaintiffs failed to make allegations that the comparators identified are similar to them in all relevant respect, which dooms this claim. Rather, Plaintiffs present an incoherent collection of purported comparisons and conclusory assertions of differential treatment, and ask the Court and each Defendant to sift through and piece together those connections for themselves. Therefore, Count III should be dismissed with prejudice.

**iv. Count IV (Void for Vagueness § 1983 claim)**

34. Plaintiffs bring a § 1983 Void for Vagueness claim against the Borough at Count IV alleging that Ordinance 282-21 is unconstitutionally vague because, they contend, its definitions and procedures concerning vacant or abandoned property are confusing, thereby denying fair notice and permitting arbitrary enforcement.

35. Plaintiffs seek prospective declaratory and injunctive relief against enforcement of the ordinance to the Property.

36. This claim fails as a matter of law because Plaintiffs lack standing to bring this claim because they have not alleged an injury in fact based on a sufficiently concrete and particularized threat that the Ordinance will be applied to them in the manner they challenge.

37. For Article III standing, a plaintiff must "show that she has suffered, or will suffer, an injury that is **concrete, particularized, and actual or imminent**; fairly traceable to the challenged action; and redressable by a favorable ruling." *Reading v. North Hanover Twp.*, No. 1:23-cv-1469 (KMW-SAK), 2026 U.S. Dist. LEXIS 7585, at *97 (D.N.J. Jan. 13, 2026) (quoting *Murthy v. Missouri*, 603 U.S. 43, 57 (2024)) (emphasis added).

38. Here, Plaintiffs allege that the Borough may one day enforce Ordinance 282-21 against the Property in some unspecified and unconstitutional manner, but identify no concrete or imminent threat that the Ordinance will be applied to them in the allegedly unconstitutional manner they challenge.

39. Accordingly, Plaintiffs have not plausibly alleged an injury in fact sufficient to establish Article III standing and Count IV should, therefore, be dismissed with prejudice.

**v. Count VI (Regulatory taking § 1983 claim)**

40. Plaintiffs bring a Regulatory Taking without Just Compensation claim under the Fifth and Fourteenth Amendments. Plaintiffs allege a "parcel-specific partial taking because Apollo made unresolved municipal approval a continuing condition of lawful commercial occupancy while withholding or failing to provide the definitive action necessary to complete the delegated permit and inspection process." TAC at ¶ 325.

41. A regulatory taking through the exercise of police power or land-use regulation occurs only when the government interference is so drastic that it has nearly the same effect as the complete destruction of the owner's property rights. *Pace Res., Inc. v. Shrewsbury Twp.*, 808 F.2d 1023, 1033 (3d Cir. 1987). For an as-applied taking claim, as Plaintiffs appear to allege, the claim is unripe absent "a definitive position on the issue" by the decision-maker. *Cnty. Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006).

42. Plaintiffs have not pled, nor can they plead, a partial regulatory taking by way of the Borough's permitting process because, and as Plaintiffs have admitted, Plaintiffs possess an approved permit with the M/F-1 designation. There is no taking here. Plaintiffs' self-declared "de facto finality" status due to the Borough's alleged "maintained nonresolution" conflicts with Plaintiffs' admissions that their permit has, in fact, been approved. As such, Count VI should be dismissed with prejudice.

**vi. Count VII (Formal physical taking § 1983 claim)**

43. Plaintiffs bring a Formal Physical Taking by Declaration of Taking Claim under the Fifth and Fourteenth Amendments. This claim relates to eminent domain proceedings currently pending in the Pennsylvania Commonwealth Court concerning a portion of the Property.

44. This Court should abstain from exercising its jurisdiction over this claim under the *Younger* Doctrine. The Younger doctrine aligns with principals of comity and stands for the proposition that a federal district court has discretion to abstain from exercising jurisdiction over a matter where "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005).

45. Here, the eminent domain proceedings are currently pending in the Pennsylvania Commonwealth Court. Further, eminent domain proceedings implicate important state interests, as "an eminent domain proceeding ha[s] a 'special and peculiar nature' involving a sovereign prerogative." *Baltimore Bank for Cooperatives v. Farmers Cheese Cooperative*, 583 F.2d 104, 111 (3d Cir. 1978). Finally, the state proceedings afford an adequate opportunity to raise the federal claims because there is no state procedural bar preventing the Plaintiffs from raising their

constitutional or valuation concerns in Pennsylvania courts. Accordingly, the Court should abstain from exercising jurisdiction over Count VII and dismiss it.

**vii. Count IX (Civil rights conspiracy § 1983 claim)**

46. Plaintiffs bring a Civil-Rights Conspiracy claim in Count IX against Troup, McDermott, Shupe, Craft, Andreassi, and Tarle.

47. As an initial matter, as stated above, the occurrences Plaintiffs cite for Defendants McDermott, Shupe, Craft, Andreassi, and Tarle all fall outside the two-year statute of limitations, and, thus, must be dismissed.

48. The remaining occurrences concern Defendant Troup, which involve the alleged adverse municipal status Troup communicated during the Walker sale, and the "production appurtenant to primary retail use" notation.

49. "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (citation omitted). The elements of conspiracy are agreement and concerted action, a plaintiff must demonstrate that defendants reached an understanding, or a meeting of the minds, which can be inferred from circumstantial evidence. *Hyman v. Tice*, No.: 3:25-CV-00040-SLH-CBB, 2025 U.S. Dist. LEXIS 222196, at *22-23 (W.D. Pa. Nov. 12, 2025).

50. As more fully discussed in the Brief in Support of this Motion, Count IX should be dismissed with prejudice because Plaintiffs have not alleged any facts to show that the Defendants reached an understanding or an agreement to do anything of the sort.

**viii. Count X (Tortious interference with prospective contractual relations against Defendant Brenda Troup)**

51. Plaintiffs claim that Troup interfered with their potential 2025 sale of the Property to Walker by allegedly providing the realtor, Weig-Tamasy, with misleading information about the Property's permits, zoning, code compliance, and occupancy status. They allege that Troup did so because of a personal or business interest in the Property, that her statements contributed to Walker's concerns and its $155,000 offer, and that the sale likely would have gone forward on better terms if not for her alleged interference.

52. The TAC does not plausibly connect Troup's conduct to the failure of the sale. Under Pennsylvania law, a claim for tortious interference with prospective contractual relations requires a plaintiff to show that the defendant, "without a privilege to do so, induces or otherwise purposely causes a third person not to … enter into or continue a business relation with another." *Thompson Coal Co. v. Pike Coal Co*., 412 A.2d 466, 470 (Pa. 1979) (quoting RESTATEMENT OF TORTS, § 766 (1939)).

53. Plaintiffs also have not adequately alleged that Troup purposefully interfered with the prospective sale. Troup was acting in connection with her municipal responsibilities and communicating information about the Property. There are no facts showing that she intended to prevent Plaintiffs from selling the Property to Walker. Thus, even accepting Plaintiffs' allegations as true, the TAC does not plausibly allege that Troup's conduct caused Walker to abandon or otherwise not continue the prospective transaction. Therefore, Count X should be dismissed with prejudice.

54. The Apollo Borough Defendants hereby incorporate their Brief in Support of Motion to Dismiss filed herewith into this Motion as though it was fully set forth herein.

WHEREFORE, the Apollo Borough Defendants respectfully request that the Court grant this Motion to Dismiss Plaintiff's Third Amended Complaint, docketed at [ECF 231], with prejudice and enter the attached proposed Order.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: /s/ *Teresa O. Sirianni*

TERESA O. SIRIANNI, ESQUIRE
PA ID #90472
**Counsel for Defendants, Borough of Apollo, Cynthia McDermott, Mark Tarle, Deanne Shupe, Brenda Troup, Richard Craft and Scott Andreassi**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
(412) 803-1140, (412) 803-1188/fax
TOSirianni@mdwcg.com